88 P.3d 740

**Bryon and Donna McFADDEN, husband and wife, Plaintiffs–Respondents,**

**v.**

**Osvaldo V. SEIN, Jr., an individual, Sonia Rodriguez, an individual, Defendants–Appellants.**

No. 29149.

Supreme Court of Idaho, Boise, January 2004 Term.

March 25, 2004.

922

David E. Kerrick, Caldwell, for appellants.

Hamilton, Michaelson & Hilty, Nampa, for respondents. Mark R. Hilty argued.

TROUT, Chief Justice.

This case involves a dispute over the terms of an easement over private property in Nampa. Appellants Osvaldo Sein, Jr., and Sonia Rodriguez (Sein) appeal the district court's decision granting summary judgment to respondents Bryon and Donna McFadden (the McFaddens), who brought a declaratory judgment action pertaining to an easement over Sein's property to the McFaddens' property, which the McFaddens wish to subdivide into three lots. Sein claims as error the district court's decision that there were no genuine issues of material fact and that this was a general grant of easement permitting an expanded use of the McFaddens property.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1992, a 22–acre parcel of land in Nampa was purchased by Tonie Robertson, who was granted permission by Canyon County to subdivide the land. This area was then subdivided into four Parcels. Parcel No. 3, which measured 4.58 acres, was sold to Pamela Cornwall in 1995, but Cornwall was required, as part of the transaction, to execute an easement agreement in which Parcel No. 3 became the servient estate for an easement providing access from Happy Valley Road to Parcel No. 4, the dominant estate. Thereafter, in 1995 Robertson sold Parcel No. 4, the dominant estate consisting of 7.23 acres, to the McFaddens. In 2000, Cornwall sold Parcel No. 3, the servient estate, to Sein.

Shortly after Sein purchased Parcel No. 3, the McFaddens applied to Canyon County for a Conditional Use Permit (CUP) to subdi-

vide Parcel No. 4 into three lots, upon which they intended to construct single-family residential homes. At the hearing for this CUP, Sein appeared and advised the hearing examiner that they owned the property that was to be used to access these lots and they did not consent to anyone other than the McFaddens using the easement. After the two parties were unable to resolve successfully the issue on their own, the hearing examiner denied the CUP in October 2000 based upon lack of sufficient access to the proposed development. The McFaddens then sought legal counsel and re-filed their application. It was again denied in August 2001. The McFaddens subsequently appealed this decision to the Canyon County Board of Commissioners (Commissioners) but expressly agreed that the issue of access to the subdivision, which had resulted in the prior denials of the CUP, would be addressed through a state court declaratory judgment action. In December 2001 the Commissioners granted the CUP expressly contingent upon the access issue being resolved by judicial decree. The McFaddens then filed this declaratory judgment action.

Upon both parties' motions for summary judgment, the district court granted a partial summary judgment, finding the easement agreement entered into between Robertson and Cornwall in 1995 was a general grant of easement entitling the McFaddens to unlimited reasonable use consistent with the natural development of the land, and therefore the McFaddens could subdivide their parcel and the easement could be utilized to access the three subdivided lots on Parcel No. 4. The case went to trial on the remaining issue of maintaining the roadway easement. Sein then filed a timely appeal of the district court's decision granting the partial summary judgment.

## II.

### STANDARD OF REVIEW

■ Both parties filed motions for summary judgment in the district court.

On appeal from the grant of a motion for summary judgment, this Court employs the same standard as used by the district judge originally ruling on the motion. Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Where the parties have filed cross-motions for summary judgment relying on the same facts, issues and theories, the parties effectively stipulate that there is no genuine issue of material fact that would preclude the district court from entering summary judgment. However, the mere fact that both parties move for summary judgment does not in and of itself establish that there is no genuine issue of material fact. The fact that the parties have filed cross-motions for summary judgment does not change the applicable standard of review, and this Court must evaluate each party's motion on its own merits.

*Intermountain Forest Management, Inc. v. Louisiana Pacific Corp.,* 136 Idaho 233, 235, 31 P.3d 921, 923 (2001) (citations omitted).

## III.

### GENERAL GRANT OF EASEMENT

■ The district court found, and both parties agreed, that the 1995 easement was unambiguous in its language. As such, the district court considered the scope of the easement based on the language of the agreement itself and disallowed any extrinsic evidence as to the intent of the parties at the time of the agreement. "Interpreting intent from an unambiguous [instrument] is a matter of law, the determination of which we review freely." *Latham v. Garner,* 105 Idaho 854, 857, 673 P.2d 1048, 1051 (1983).

The 1995 easement reads in part:

Grantor [now the Sein property] hereby grants and conveys unto Grantee [now the McFadden property], its successors and assigns, a permanent and perpetual non-exclusive easement and right-of-way for the purpose of constructing and utilizing a roadway for access to Parcel No. 4....

This is the only language in the document describing what pertinent rights are given to

either party. The agreement does discuss limitations having to do with obstructions on the easement, as well as a right given to an irrigation district to access a canal near the properties. However, as the trial court found, the easement agreement does not address in any way subdividing any of the parcels. The easement agreement had attached to it, in addition to legal descriptions of the dominant and servient estates, a "Record of Survey for Tonie Robertson" (Survey) which was referenced in the agreement as depicting the location for the roadway.

■ On summary judgment, Sein argued their case on the theory that the easement agreement could only be strictly construed according to the attached Survey depicting the parcels of land as they existed at the time the easement was created in 1995. The Survey, Sein argues, which depicts Parcel No. 4 as one single parcel, prevents any alteration to the land which would result in the property boundaries appearing any differently than as shown in the Survey.

■ The language of the 1995 easement clearly states that it is "a permanent and perpetual non-exclusive easement and right-of-way for the purpose of constructing and utilizing a roadway for access to Parcel No. 4." This non-exclusive language creates a general grant of easement. In *Abbott v. Nampa School Dist. No. 131*, 119 Idaho 544, 548, 808 P.2d 1289, 1293 (1991), a general grant of easement was defined as an "easement granted or reserved in general terms, without any limitations as to its use...." Accordingly, *Abbott* sets forth several rules governing this type of easement, which apply to the present case. First, "use of the easement includes those uses which are incidental or necessary to the reasonable and proper enjoyment of the easement, but is limited to those that burden the servient estate as little as possible." *Id.* Second, such easements are "of unlimited reasonable use." *Id.* Third, these easements "are not restricted to use merely for such purposes of the dominant estate as are reasonably required at the time of the grant or reservation, but the right may be exercised by the dominant owner for those purposes to which that estate may be subsequently devoted. Thus there may be

an increase in the volume and kind of use of such easement during the course of its enjoyment." *Id.* Fourth, and significantly, "absent language in the easement to the contrary, the uses made by the servient and dominant owners may be adjusted consistent with the normal development of their respective lands." *Id.* at 548–49, 808 P.2d at 1293–94. Thus, use of a general easement may be enlarged beyond the purposes originally required at the time the easement was created, so long as that use is reasonable and necessary and is consistent with the normal development of the land.

■ Had the 1995 easement agreement contained language expressly prohibiting the subdividing of Parcel No. 4; expressly limiting the number of vehicles that could use the easement; or otherwise creating a limitation on the use of the easement that would be violated by the proposed subdivision, such language would control and the McFaddens would be precluded from subdividing their property. However, "[t]he rule is that, absent language in the easement to the contrary, the uses made by the servient and dominant owners may be adjusted consistent with the normal development of their respective lands." *Boydstun Beach Ass'n. v. Allen*, 111 Idaho 370, 378, 723 P.2d 914, 922 (Ct.App. 1986). Because the language of the easement specifies that it is non-exclusive and contains no limitations on the use of Parcel No. 4, it is therefore a general grant of easement.

## IV.

### REASONABLENESS OF USE

■ As stated above, an increase in the use of a general easement must be reasonable and not unduly burdensome to the servient estate.

■ In the present case, the McFaddens produced evidence in support of their motion for summary judgment that increased use of the easement would be reasonable and consistent with the normal development of the land. Specifically, the McFaddens submitted as evidence the Findings of Fact made by the Commissioners, who found the

geographic area surrounding Parcel No. 4 had experienced significant residential development since the 1995 easement agreement and subdividing Parcel No. 4 would be consistent with this residential development.[1] Additionally, the Commissioners found the increased use of the easement across Sein's property would not be an unreasonable burden on the servient estate.

On the other hand, Sein presented no evidence to controvert these Findings. Significantly, Sein produced no evidence to show the increased use of the easement across their property would result in an unreasonable burden to them or that the proposed development was beyond the normal development of the land to be expected. They relied instead on their argument that the increase in use of the easement was specifically prohibited by the Survey attached to the easement agreement, showing an undivided Parcel No. 4. They submitted no evidence on summary judgment except the easement agreement itself and attachments. Consequently, the trial court had only the uncontroverted evidence produced by the McFaddens demonstrating that the use was reasonable, and properly granted summary judgment for the McFaddens.

## V.

### ATTORNEY FEES

The McFaddens request that this Court reverse the district court's decision denying them attorney fees at trial. However, because the McFaddens did not cross-appeal the district court's denial of attorney fees below, the issue cannot be addressed by this Court.

The McFaddens also seek attorney fees on appeal pursuant to I.C. § 12–121, arguing that Sein's arguments on appeal are frivolous, unreasonable, and without foundation. "Among other reasons, an appeal is frivolous when the underlying law upon which it relies is well settled and the appellant makes no substantial showing the district court misapplied the law" (citation omit-

ted). *Cox v. Cox*, 138 Idaho 881, 887, 71 P.3d 1028, 1034 (2003).

The McFaddens initiated this suit with the purpose of expanding their use of the 1995 easement to facilitate two more single-family dwellings that would utilize the road across Sein's property. It is apparent from their briefs that Sein believed that Parcel No. 4 would not be subdivided and would always remain a single lot. Although this argument is not persuasive in light of relevant easement law and the wording of the easement agreement, it is not frivolous. Accordingly, the McFaddens are not entitled to attorney fees on appeal.

## VI.

### CONCLUSION

We affirm the district court's grant of partial summary judgment to the McFaddens and award costs, but not fees, to the McFaddens on appeal.

Justices SCHROEDER, KIDWELL, EISMANN, and BURDICK concur.

---

1. On appeal, Sein argues the trial court should not have given any *res judicata* preclusive effect to the Commissioners' Findings. The district judge did not consider the Findings binding on him and instead, treated the Findings simply as

evidence supporting the determination that expansion in the use of Parcel 4 was reasonable under the circumstances. There was no error in the judge doing so.