114 P.3d 128

**ARGOSY TRUST ex rel. ITS TRUSTEE, Alan Andrews, Plaintiff–Appellant,**

v.

**Edward WININGER and Vicki Wininger, husband and wife, Defendants–Respondents.**

No. 30683.

Supreme Court of Idaho, Boise, April 2005 Term.

April 29, 2005.

Rehearing Denied June 28, 2005.

Featherston Law Firm, Sandpoint, for appellant. Brent C. Featherston argued.

Dean & Kolts, Coeur d'Alene, for respondents.

EISMANN, Justice.

This is an appeal by the owner of the dominant estate from a judgment limiting its road easement to a width of ten feet and denying its claim for timber trespass. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

The defendants-respondents Edward and Vicki Wininger own a rectangular parcel of property with the long sides running in a north-south direction. The plaintiff-appellant Argosy Trust owns two parcels of real property abutting the Winingers' property. What has been called "Parcel A" abuts the northern portion of the eastern boundary of the Winingers' property, and what has been called "Parcel B" abuts both the northern boundary of the Winingers' property and the northern boundary of Parcel A.

In 1965, Ellis and Josiane Smith, who at the time owned land that included both the Winingers' property and Parcel A, granted an easement to Donald and Susan Allison, who at the time owned land that included Parcel B. The document granting the easement did not describe the location or dimensions of the easement, but simply stated that it was for "ingress and egress." When the easement was granted, there was a one-lane dirt road running diagonally in a northwesterly direction across what is now Parcel A and the northeastern corner of what is now the Winingers' property to what is now Parcel B.

Since the easement granted was appurtenant to the Allisons' property, it passed to the grantees of Parcel B. *Davis v. Peacock*, 133 Idaho 637, 991 P.2d 362 (1999). After acquiring Parcels A and B, the Trust decided to subdivide them. A dispute arose between the Winingers and the Trust, and on March 22, 2002, it brought this action against the

Winingers seeking to establish its easement for ingress and egress and to recover damages for timber trespass. After a court trial, the district court found that the Trust had an easement ten feet in width for ingress and egress and that it had failed to prove its claim for timber trespass. The Trust then timely appealed.

## II. ISSUES ON APPEAL

A. **Did the district court err in determining that the width of the easement was ten feet?**

B. **Did the district court err in denying damages for timber trespass?**

## III. ANALYSIS

■■■ A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Camp v. East Fork Ditch Co., Ltd.,* 137 Idaho 850, 55 P.3d 304 (2002); IDAHO R. CIV. P. 52(a). When deciding whether findings of fact are clearly erroneous, this Court does not substitute its view of the facts for that of the trial court. *Id.* It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses. *Id.* On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence. *Id.* Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Id.*

A. **Did the District Court Err in Determining that the Width of the Easement Was Ten Feet?**

■■■ The document granting the easement across the Winingers' property did not specify either the width or the location of the easement. It simply granted "the right of ingress and egress" over the property. It was a general grant of easement since it did not place any limitations on its use. *McFadden v. Sein,* 139 Idaho 921, 88 P.3d 740 (2004). "A grant indefinite as to width and location must impose no greater burden than is necessary." *Conley v. Whittlesey,* 133 Idaho 265, 270, 985 P.2d 1127, 1132 (1999). "An instrument granting an easement is to be construed in connection with the intention of the parties and circumstances in existence at the time the easement was given and carried out." *Quinn v. Stone,* 75 Idaho 243, 250, 270 P.2d 825, 830 (1954). That intent is a question of fact, and the trial court's findings on the issue will not be disturbed on appeal if supported by substantial and competent evidence. *Conley v. Whittlesey,* 133 Idaho 265, 985 P.2d 1127 (1999).

Ellis Smith's father built the single-lane dirt road in 1931 and used it for logging a portion of his property. That part of the road crossing the Winingers' property is about 200 feet in length. In 1965, when the Smiths granted the easement, the road remained eight to ten feet in width and consisted of two tracks in the dirt. The district court found that the Smiths only intended to grant an easement ten feet in width. The Argosy Trust challenges that finding on several grounds.

■■■ First, the Trust contends that the district court erred in determining the width of the easement because it did not request such relief in its complaint. The decisions of this Court require that a judgment determining the existence of an easement across the land of another must also set forth the width and location of the easement.

In *Hall v. Taylor,* 57 Idaho 662, 67 P.2d 901 (1937), the trial court granted the plaintiff a water right in a spring on the defendant's land and an easement to enter upon the land to repair the ditches used to convey the water and to maintain a dam sufficient to divert the water. The defendant appealed the grant of the water right, and this Court remanded the case to determine the definite flow of water from the spring. This Court then *sua sponte* addressed the issue of the lack of specificity regarding the easement, stating:

> The decree is also too indefinite and uncertain as to the extent and character of *easement* awarded to the respondent for the purpose of maintaining and protecting such water right as he has acquired. The extent of the right of way or easement necessary for respondent to protect and enjoy the water right he has acquired,

should be definitely and certainly fixed and described in the decree (as to location, length, and width) in order that conflicts between the land owners may be avoided.

57 Idaho at 668–69, 67 P.2d at 903 (italics in original). This Court remanded the case with directions that the trial court "find and decree, with certainty, the *character, location, width, and length* of easement acquired by respondent and necessary for his use." 57 Idaho at 669, 67 P.2d at 903 (italics in original).

In *Kosanke v. Kopp,* 74 Idaho 302, 261 P.2d 815 (1953), this Court remanded a case establishing a road easement because of the insufficiency of the trial court's description of the easement in its judgment. When doing so, this Court stated:

A judgment which affects the title or interest in real property must describe the lands specifically and with such certainty that the court's mandate in connection therewith may be executed, and such that rights and liabilities are clearly fixed and that all parties affected thereby may readily understand and comply with the requirements thereof.

74 Idaho at 307, 261 P.2d at 818. We directed the trial court to modify the judgment "by setting forth therein with precision and particularity the origin, courses, distances and destination" of each of the two roads at issue. Relying upon *Kosanke v. Kopp,* this Court in *Sinnett v. Werelus,* 83 Idaho 514, 365 P.2d 952 (1961), again remanded a case because the inadequacy of the description of an easement in the trial court's judgment. Likewise, in *Palmer v. Fitzpatrick,* 97 Idaho 925, 557 P.2d 203 (1976), we remanded a case for the completion of a survey of a road easement.

The above cases made it clear that any judgment determining the existence of the easement must also specify its width. By bringing this action seeking a judgment establishing the easement, the Argosy Trust also placed at issue the width of the easement. That was an issue properly determined by the district court.

▮ Next, the Argosy Trust contends that the district court used the wrong legal standard when determining the width of the easement. It contends that the width of the easement should be what "is reasonably necessary for that general access of any kind to the dominant estate" and that a ten-foot-wide easement is insufficient to permit ingress and egress for heavy equipment, fire and safety equipment, maintenance trucks, snow plowing, and two vehicles passing each other. It also contends that because the Winingers had widened the dirt road that crossed their property to twenty feet, granting the Trust a twenty-foot-wide easement would not materially increase the burden upon the Winingers' servient estate. The Trust confuses the purposes for which an easement is granted with the width of that easement.

▮ A general grant of an easement is not restricted to the use reasonably required at the time of the grant. *Abbott v. Nampa School Dist. No. 131,* 119 Idaho 544, 808 P.2d 1289 (1991). The use may be enlarged so long as the enlargement in use is reasonable and necessary, is consistent with the normal development of the land, and is not unduly burdensome to the servient estate. *McFadden v. Sein,* 139 Idaho 921, 88 P.3d 740 (2004). There is a difference, however, between the enlargement in the use permitted by the owner of the dominant estate and the enlargement of the physical dimensions of the easement. As this Court stated in *Aztec Ltd., Inc. v. Creekside Investment Co.,* 100 Idaho 566, 569, 602 P.2d 64, 67 (1979), "An increase in width does more than merely increase the burden upon the servient estate; it has the effect of enveloping additional land." Thus, the Argosy Trust could increase the use of the dirt road consistent with the normal development of its land, but it could not increase the width of the easement in order to develop its land into a subdivision. The fact that the Winingers have widened the road on their property to twenty feet does not increase the width of the Trust's easement. The Winingers' use of their land does not create any right in favor of the Trust.

▮ Finally, the Argosy Trust challenges the sufficiency of the evidence to support the trial court's finding that the easement was ten feet in width. Whether or not the

Smiths and Allisons intended in 1965 that the easement granted be limited to the width of the existing road was a question of fact for the trial court. The Trust does not challenge that finding, but instead challenges the finding that the road was eight to ten feet wide in 1965. In arguing this issue, the Trust relies upon witnesses whose testimony was favorable to it and misstates or disregards the unfavorable testimony of other witnesses. Without recounting all of the evidence, Ellis Smith was nine years old when his father built the road in 1931, and he and his wife were the grantors of the easement. He testified that when built the road was wide enough for one truck to traverse it. He also stated that two recent photographs showing a narrow, one-lane road depicted the width of the road when he was familiar with it. Kenneth Lunde testified that when he first saw the road sometime around 1973 to 1975, it was a two-track trail that was eight to ten feet in width. Although the evidence was conflicting, there was substantial competent evidence supporting the district court's finding that the road was ten feet in width when the Smiths granted the easement in question in 1965.

▇▇▇▇ During oral argument, the Argosy Trust contended that in 1965 the base of the road must have been wider than ten feet in order to support a one-lane road. That is an issue of fact that must be raised in the trial court. An issue not raised below will not be considered when raised for the first time on appeal. *McNeil v. Gisler*, 100 Idaho 693, 604 P.2d 707 (1979). There is nothing in the record indicating that the Trust raised this issue below, although we note that there is testimony in the record that the road base was ten feet in width.

## B. Did the District Court Err in Denying Damages for Timber Trespass?

▇▇▇ In its complaint, the Argosy Trust also asserted a claim for timber trespass or theft, alleging that the Winingers cut down or removed timber on the property owned by the Trust. At trial, its trustee Alan Andrews testified that he observed trees that had been cut from the Trust's property and that Mr. Wininger admitted cutting down the trees.

In its initial findings of fact and conclusions of law, the district court did not address that claim. The trust brought that omission to the court's attention by a motion to amend, and the district court issued additional findings, stating, "[P]laintiff has failed to meet its burden of proof as to the location of any timber cut by defendants, the defendants' testimony that they felled trees from their property being more persuasive."

The Trust contends that the district court's findings were not detailed enough. The Trust also misquotes the district court's oral comments to make it appear that the district court stated, "[T]here is no dispute in the evidence," when the district court actually stated, "[T]here's a dispute in the evidence." In fact, in his oral comments the district court discussed the conflicting testimony and stated that he found the Winingers' testimony more credible than that of Mr. Andrews.

The Trust's claim of timber trespass or theft was based upon the testimony of its trustee Mr. Andrews, which was contradicted by the testimony of the Winingers. The district court recognized that conflict in the evidence and found the Winingers to be more credible than Mr. Andrews. Its findings of fact were sufficient.

## IV. CONCLUSION

The judgment of the district court is affirmed. Costs on appeal to the respondents.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.