141 P.3d 1096

**Roger D. TURNER and Sally D. Turner, husband and wife, Plaintiffs–Respondents,**

v.

**COLD SPRINGS CANYON LIMITED PARTNERSHIP, an Idaho limited partnership, Defendant–Appellant.**

No. 31795.

Supreme Court of Idaho, Boise, May 2006 Term.

Aug. 1, 2006.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for appellant. Robert B. Burns argued.

Lawson & Laski, PLLC, Ketchum, for respondents. Erin F. Clark argued.

SCHROEDER, Chief Justice.

This is an appeal by the owner of a servient estate from a judgment declaring the existence of a permanent, unmovable, twenty-foot-wide easement.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Roger and Sally Turner and Cold Springs Canyon own adjoining parcels ("the Turner property" and "the Cold Springs property"). These parcels were previously owned by Eugene and Edith Harsin as parts of Section 30, a larger parcel. The Harsins sold a portion of Section 30, including the Turner and Cold Springs properties, to George and Annette Castle and Joseph and Lillian Barnes as tenants in common. After their divorce Annette quitclaimed her interest in the Turner property to George who began to develop the Turner property two years later in 1975. Part of the development was construction of an access road from the Turner property through the Cold Springs property. This access road is the subject of dispute in this case.

Eventually, George became the sole owner of the Turner property and Annette became the sole owner of the Cold Springs property. After Annette acquired sole ownership of the Cold Springs property, she entered into a stipulation with George (the 1981 Stipulation) which was approved by the district court. The 1981 Stipulation allowed George to use the access road to access the Turner property:

> That a road ... which extends from Highway 75 across a portion of [the Cold Springs property] as a means of access to a home and real property belonging to George Castle may be modified and relocated as the Defendant Annette Castle may desire in accordance with her own personal reasons or any prospective plan for development of [the Cold Springs property], provided that such modification or change of access or the route of access shall not deprive ... George Castle of a means of access to his home and property which lies north of and adjacent to [the Cold Springs property].

Since the 1981 Stipulation, the owners of the Turner property, including the Turners, have used the access road as the sole means of ingress and egress to and from their property.

Approximately one year after purchasing the Turner property, the Turners filed suit asking the district court to declare that a permanent easement existed on the Cold Springs property and to quiet title to this easement. Subsequently, they moved for summary judgment. The district court ruled in favor of the Turners, finding that both an express easement and an easement by prior use existed. Cold Springs moved to clarify, or in the alternative, moved for relief from the district court's judgment. At the clarification hearing, the district court requested supplemental briefing concerning its ability to revise its judgment and whether it could fix the width of the easement when the issue was not pled. After receiving the briefing, the district court vacated its earlier judgment and ordered the modification of its judgment to set the width of the easement at twenty feet. It also denied Cold Springs' claim that it had a right to relocate the easement. As requested, the Turners provided a proposed amended judgment, to which Cold Springs later objected. The district court overruled Cold Springs' objection and signed the amended judgment. Cold Springs appealed.

## II.

## THE DISTRICT COURT DID NOT ERR IN FINDING AND DEFINING AN EXPRESS EASEMENT

### A. Standard of Review

▮ When reviewing a summary judgment order, this Court applies the same standard as the district court. *Brown v. Miller,* 140 Idaho 439, 442, 95 P.3d 57, 60 (2004). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho R. Civ. P. 56(c). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Infanger v. City of Salmon,* 137 Idaho 45, 47, 44 P.3d 1100, 1102 (2002).

### B. The District Court did not err in Finding that an Express Easement Existed.

At trial, when represented by different counsel, Cold Springs denied that there was an easement. Cold Springs now maintains that the 1981 Stipulation created an express easement. The Court agrees. The question is the characteristics of the easement.

### C. The District Court did not err in Fixing the Width or Location of the Easement.

Cold Springs argues that the district court erred in establishing a permanent, fixed easement maintaining that the 1981 Stipulation allowed the relocation of the easement. It also contends that the district court went beyond the limits of the express easement and imposed a greater burden than was intended by the parties in the 1981 Stipulation.

▮ Cold Springs neither pled nor addressed whether it was entitled to relocate the easement. Cold Springs waited until filing motions to clarify and amend the judgment to address the issue. As a result, the district court correctly declined to rule on whether the easement was open to relocation. *See Vanvooren v. Astin,* 141 Idaho 440, 444, 111 P.3d 125, 129 (2005) ("[T]he only issues considered on summary judgment are those

raised by the pleadings...."). Similarly, Cold Springs is barred from making such an argument before this Court because it did not properly raise the issue below. *Eliopulos v. Knox,* 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992) (appellate court review of a summary judgment order is limited to those facts and allegations before the district court at the time of its ruling). Even if the issue were considered to be before the district court, the position of Cold Springs fails. The 1981 Stipulation provides that the road "may be modified and relocated as the Defendant Annette Castle may desire in accordance with her own personal reasons or any prospective plan for development" of the Cold Springs property. The right to modify or relocate the road is limited to the "personal reasons" of Annette Castle. She is no longer the owner of the property. The right to relocate the road no longer exists.

▮ The district court did not err in creating a permanent, unmovable easement or in fixing the easement's width to twenty feet. The district court was required to set forth the width and location of the easement. *See Argosy Trust v. Wininger,* 141 Idaho 570, 572, 114 P.3d 128, 130 (2005) ("[A] judgment determining the existence of an easement across the land of another must also set forth the width and location of the easement."). The width of an easement is a question of fact which will not be disturbed on appeal if it is supported by substantial and competent evidence. Id. The only evidence presented to the district court was an affidavit explaining that the local fire department required a "minimum of twenty feet of all-weather travel surface space" and the typical driveway width was forty feet. Even after the district court requested supplemental briefing on the issue, Cold Springs failed to bring forth evidence contradicting this affidavit or concerning the easement width. In addition, no evidence was presented regarding the historical width of the easement. Consequently, based upon the record, there was no genuine issue of material fact concerning the width of the easement and the district court did not err when it found that the easement's width was twenty feet.

### D. The Turners are Entitled to Attorney Fees.

The Turners request attorney fees on appeal under I.C. 12–121. Under I.C. 12–121, attorney fees are appropriate if the appeal was brought frivolously, unreasonably, or without foundation. The Turners contend that this appeal was brought frivolously because Cold Springs improperly presented new issues and argument in the motions following the summary judgment order and on appeal and because Cold Springs did not provide proper legal authority to support its claims on appeal. At the summary judgment stage, Cold Springs' sole contention was that no easement existed. After losing at summary judgment, Cold Springs argued that an express easement existed and then introduced new issues and arguments. These new issues are the only issues on appeal. This creates a difficult situation because the attorneys on appeal have presented issues that would be debatable had they been argued in the district court by prior counsel. Nonetheless, the burden has fallen on the Turners to defend an appeal that under this record is unreasonable. They are entitled to attorney fees. Cold Springs could have argued these issues in the alternative at the summary judgment stage. It did not. The issues are not proper for appeal. Consequently, Cold Springs brought this appeal frivolously, unreasonably, and without foundation.

### III.

### CONCLUSION

The judgment of the district court is affirmed. The Turners are awarded costs and attorney fees on appeal.

Justices TROUT, EISMANN, BURDICK and JONES concur.