IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 32322

CHARLES W. STEINER,

    Plaintiff-Appellant,

v.

CAROL GILBERT, DONALD BARNHILL and
JOHN DOE AGENTS, Employees or
Contractors of Carol Gilbert,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

2007 Opinion No. 70

Boise, February 2007 Term

Filed: May 1, 2007

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District of the State of Idaho, Owyhee County. Hon. Gerald L. Weston, District Judge.

Decision on motion for an order to show cause regarding contempt is: <u>affirmed.</u>

Derek A. Pica, Boise, for appellant.

White Peterson, PA, Nampa, for respondents. William A. Morrow argued.

---

TROUT, Justice

This case originated with an action filed by Charles Steiner (Charles) in 1994 against Donald Barnhill (Barnhill) to quiet title and for an injunction and damages, which resulted in a Stipulated Judgment entered on October 20, 1995. The current proceedings in this case involve an allegation of contempt filed by Barnhill against Charles' son and successor in interest, John Steiner (Steiner), alleging that Steiner interfered with an easement granted to Barnhill in the Stipulated Judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Barnhill owned a ranch known as the Hatton Ranch that was adjacent to Charles' ranch, known as the Triangle Ranch. Barnhill and Charles were involved in a dispute in the early 1990's related to the use of water and the use of access road easements over the Triangle and

Hatton Ranches. As a result of negotiations between Barnhill, Charles and their attorneys, a Stipulated Judgment was entered into and approved by the district judge in October of 1995. In that Stipulated Judgment, the parties reached a number of agreements with respect to both the water issues and the use of various easements. Specifically, Charles acknowledged, confirmed and conveyed to Barnhill easements over Triangle Ranch, which are referred to in the Stipulated Judgment as "Hatton Ranch Easements." Among those easements pertinent to this case is one that is called the Rock Creek Canyon Access Road (Road), which is defined in the Stipulated Judgment as "the roadway providing access from the Triangle Dam Access Road to the Hatton Ranch grazing land south of Rock Creek Canyon." Thereafter, the parties abided by the terms of the Stipulated Judgment, and Barnhill used the Road routinely to access part of his ranch.

The Stipulated Judgment also specifically provides that it is binding upon the parties to the action, together with their successors and, to the fullest extent possible, is to be interpreted as a covenant running with the lands denominated as the Triangle and Hatton Ranches. In 2001, Charles died, leaving his property to his son, John Steiner.

Sometime prior to March of 2005, Steiner began obstructing Barnhill's access to the easement which Barnhill was using based on his belief that it was the Rock Creek Canyon Access Road named in the Stipulated Judgment over which he had been given access. Specifically, Steiner built a locked gate across the road and dug trenches on both sides to prevent Barnhill from driving around the gate. In response, Barnhill moved to re-open the original action that Charles had filed and also filed a motion for an order to show cause for contempt. Thereafter, the district court issued an order that Steiner appear to show cause why he should not be held in contempt for disobedience of the Stipulated Judgment. The order also provided that Steiner should show cause why the court should not impose "any and all punishments allowable by law for John Steiner's contempt, including but not limited to five days in the Owyhee County Jail and a fine not exceeding $5,000.00 or both."

The matter then went to a hearing at which evidence was presented. After the hearing, the district court rendered its Findings of Fact, Conclusions of Law and Judgment (Judgment), which held that Barnhill had proven that he had a right to access an easement that the parties had referred to as the Rock Creek Canyon Access Road in the Stipulated Judgment. The district court ruled that the Road was denominated on a map, which had been utilized by the parties during their negotiations for the Stipulated Judgment and which the district court now attached to

2

the Judgment. Based upon the factual findings, the district court concluded that Steiner was in contempt for denying Barnhill access to the Road. However, at the time of the ruling, Steiner had removed all obstructions from the road and thus, it was not necessary for the court to order Steiner to remove them. Therefore, the district court simply reiterated the terms of the Stipulated Judgment, ordering that Steiner be forever enjoined from interfering with Barnhill's free use of the Road, except in a manner specified in the Stipulated Judgment.

## II.
## STANDARD OF REVIEW

This Court recently stated the standards under which we review contempt orders.

> The sanction or penalty imposed under a contempt order is reviewed under an abuse of discretion standard. The determination of whether a sanction or penalty should be imposed is within the discretion of the trial court. This Court does not weigh the evidence, but rather reviews the district court's findings to determine if they are supported by substantial and competent evidence. Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. When the trial court exercises its discretion, this Court will not interfere unless the lower court clearly abused its discretion. (citations omitted).

*In re Weick,* 142 Idaho 275, 278, 127 P.3d 178, 181 (2005).

## III.
## DISCUSSION

In this appeal, Steiner challenges several aspects of the process through which he was found in contempt of the Stipulated Judgment. He challenges the sufficiency of the affidavit which alleged the contempt, whether the provisions of the Stipulated Judgment were sufficiently definite so Steiner would know he was in violation and whether the district court applied the correct burden of proof and imposed an authorized sanction. We address each of those arguments in turn.

3

**A. Sufficiency of the affidavit**

In Idaho, contempt can be characterized as either direct (committed in the presence of the court) or indirect (committed outside the presence of the court). *Jones v. Jones*, 91 Idaho 578, 428 P.2d 497 (1967).

> When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officer.

Idaho Code § 7-603. If the alleged contempt is the violation of a court order, the person claiming contempt must provide an affidavit alleging that the contemnor or his attorney was served with the order he is charged with violating, or that the contemnor had actual knowledge of it. *Jones*, 91 Idaho at 581, 428 P.2d at 500; *First Security Bank of Idaho v. Hansen,* 107Idaho 472, 690 P.2d 927 (1984). The affidavit constitutes the complaint, which functions to "apprise the alleged contemnor of the particular facts of which he is accused, so that he may meet such accusations at the hearing." *In re Contempt of Reeves*, 112 Idaho 574, 581, 733 P.2d 795, 802 (Ct. App. 1987) *citing Jones v. Jones*, 91 Idaho 578, 428 P.2d 497 (1967). Until the claimant can provide a sufficient affidavit, the court does not have jurisdiction to proceed. *Jones*, 91 Idaho at 581, 428 P.2d at 500. If the affidavit incorporates the order allegedly violated and that order contains a certificate of service on the contemnor or his attorney, the affidavit is sufficient. *Inland Group of Companies, Inc. v. Obendorff,* 131 Idaho 473, 959 P.2d 454 (1998).

In this case, Barnhill provided an affidavit to the district court that provided in pertinent part:

1. That I am one of the Defendants in the above-entitled matter, and as such, have personal knowledge of the facts contained herein.

    …

7. To the best of my knowledge, Steiner received a certified copy of the Judgment, entered on October 20, 1995, and is aware of the contents of said Judgment.

Steiner asserts that Barnhill did not allege actual service by personally handing Steiner a copy of the Stipulated Judgment, nor did Barnhill allege that Steiner had actual knowledge of the Stipulated Judgment. He further asserts that because Barnhill preceded his statement with the phrase "to the best of my knowledge," he failed to adequately allege knowledge. Thus, Steiner is not arguing that he misunderstood the basis for the contempt allegations against him, but instead,

is arguing that Barnhill failed to allege that Steiner was aware of the court order he allegedly violated. In support of Steiner's argument that the affidavit is insufficient, he cites to the *Jones* case. In *Jones*, a case involving allegations of nonpayment of child support, the clerk of the court filed an affidavit simply stating that the file contained an order for the payment of support. This Court reversed the order finding contempt because the affidavit "did not contain any allegation to the effect that the child support order was served upon appellant or his attorney, or that he had actual knowledge thereof." *Jones,* 91 Idaho at 581, 428 P.2d at 500. *Jones* is inapposite because, unlike the affidavit in *Jones,* Barnhill's affidavit did in fact assert that Steiner received a copy of the Stipulated Judgment and was aware of its contents.

Admittedly the Stipulated Judgment did not contain a certificate of service on Steiner, because he was not a party at the time and only his father, Charles, was named in the case.[1] However, Barnhill did provide an affidavit made on his personal knowledge of the facts contained therein, in which he stated that "to the best of [his] knowledge, Steiner received a certified copy of the Judgment." He further stated that Steiner "is aware of the contents of said Judgment." We agree with the district court that Barnhill's affidavit was sufficient to allege knowledge of the Stipulated Judgment he was charged with violating, and in addition, is sufficient to indicate that Steiner was personally aware of the contents of the Order. The phrase "to the best of my knowledge" does not negate an affiant's sworn allegation or transform the allegation into a guess, as alleged by Barnhill. Rather, providing an affidavit to the best of one's knowledge is the very essence of what an affidavit is.[2] Thus, the affiant need not have personal knowledge or proof of his or her allegations for purposes of providing testimony for the initiating affidavit. *In Re Reeves*, 112 Idaho at 582, 733 P.2d at 803. In *Reeves*, the contemnor asserted that the initiating affidavit was deficient because it did not adequately allege that he was served with the order which he was charged with violating, because the affiant did not have personal knowledge of the service. *Id.* The court disagreed, holding that whether Reeves had actual knowledge of the service was "inapposite," because the purpose of the affidavit is to give the

---

[1] At the end of the document, all of the parties and their attorneys signed beneath the statement: "agreed to and approved as to form and content by: . . ."

[2] Historically, Idaho courts have accepted affidavits given on information and belief and to the best of the affiant's knowledge. *See Griffith v. Montandon*, 4 Idaho 75, 35 P. 704, 705 (1894) (respondent's attorney swore that, "to his best knowledge and belief," the items in the bill were correct); *Salt Lake Hardware Co. v. Ferguson*, 87 Idaho 383, 385, 393 P.2d 607, 608 (1964) (attorney testified in affidavit upon information and belief and according to the best of his knowledge).

contemnor clear notice that service of the order is *alleged. Id.* Likewise in *Inland Group, supra,* an affidavit attaching an order with a certificate of service provided a sufficient allegation. Therefore, Barnhill was not required to have actual proof that Steiner had received a copy and the allegation is sufficient. The district court's exercise of jurisdiction was proper, as Barnhill satisfied the requirements set forth in Idaho Code § 7-603.

## B. Sufficiency of the description of the Road

Steiner argues that because the Stipulated Judgment failed to set forth the specific location of the Road, it was vague and as such, cannot provide an adequate basis for a judgment of contempt. He also argues that the Road over which Barnhill is asserting a right is not actually the true Rock Creek Canyon Access Road over which Charles gave Barnhill an easement in the Stipulated Judgment. Steiner argues that easement is actually in a different location. These are factual determinations about where the Road is located and whether it can be adequately identified for the purpose of determining whether Steiner knew its location and willfully blocked Barnhill's access. "A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous." *Argosy Trust v. Wininger*, 141 Idaho 570, 572, 114 P.3d 128, 130 (2005). citing *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 55 P.3d 304 (2002). In determining whether the trial court's findings of fact are clearly erroneous, this Court does not substitute its view of the facts for that of the trial court. *Id.* On appeal, this Court reviews the findings of facts to see if they are supported by substantial and competent evidence. *Id.* "Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven." *Id.*

"It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses." *Argosy Trust*, 141 Idaho at 572, 114 P.3d at 130. Steiner testified as to what the parties meant by "Rock Creek Canyon Access Road," and the court found him to be not credible based on several factors. Specifically, aerial photographs of the property from 1968 until 1998 show there was no road in the area claimed by Steiner and his alleged location of "Rock Creek Canyon Access Road" put it entirely on Barnhill's property; thus, there would have been no reason to seek permission for an easement over Steiner's land. Moreover, Barnhill had

6

been using the Road for ten years without complaint from Steiner. It was only when Barnhill contracted to sell some of the land that Steiner started to bar access to the Road.

The district court noted Barnhill's testimony that in negotiating the Stipulated Judgment, the parties used a map, which was identified as Plaintiff's Exhibit 1 in the contempt hearing and a portion of which was attached to the district court's Judgment. As found by the district court, the testimony, while controverted, was sufficient to establish that a road marked as "R" on the map, indicating that it runs over the Triangle Ranch, is the same Rock Creek Canyon Access Road that is identified as "R" in the list of Hatton Ranch easements in the Stipulated Judgment. The district court also noted that since Charles' death in 2001, Steiner had succeeded to the management of the Triangle Ranch. The court recited Steiner's testimony that he had been present "at 80% of the negotiations" and yet didn't remember seeing the map. The district court chose to accept Barnhill's testimony. In weighing the credibility of the witnesses, the district court was entitled to believe Barnhill's testimony and to rely on it as a basis for saying that Charles, Barnhill and Steiner understood where the Rock Creek Canyon Access Road was, that it was adequately identified in the Stipulated Judgment and that Barnhill had a right to use it.

## C. Proper burden of proof

Steiner argues that because the order to show cause issued against him stated that he was subject "to any and all punishments allowable by law…, including but not limited to five days in the Owyhee County Jail and a fine not exceeding $5,000.00 or both," this was a criminal contempt matter. Thus, he argues he was entitled to have Barnhill prove his allegations against Steiner to the standard of beyond a reasonable doubt. Steiner argues the district court applied a burden of proof less than this based on a comment the court made in its Judgment in reference to one of four reasons why the court found Steiner's testimony to be not credible. The court stated:

> John Steiner testified that Barnhill was seeking to gain access to the bulk of his property which lies to the north and east of Triangle Reservoir. This infers that he already had access to the Hatten Ranch land south of the reservoir and for some [reason] gave up his access rights by the agreement. This is a scenario that the Court finds highly unlikely. *It is much more likely* that since the new access to the Hatten Ranch moved to the north of Rock Creek, Charles Steiner agreed to the "Rock Creek Canyon Access Road" in order to compensate Barnhill for the loss of access through the middle of the Triangle Ranch.

7

(emphasis added).

To impose a sanction in a case involving criminal contempt, the trial court must find all of the elements of contempt beyond a reasonable doubt. *Hicks v. Feiock,* 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). As to civil contempt, the courts are split as to the necessary quantum of proof and this Court has not ruled on what that burden is. The U.S. Supreme Court has ruled that proof beyond a reasonable doubt is not required in civil contempt hearings. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552, 2557, 129 L.Ed.2d 642 (1994). In *Bagwell*, the Supreme Court discussed the distinctions between criminal and civil contempt, noting that in contrast to criminal contempt, which is punitive in nature, civil contempt is avoidable through obedience; thus, "neither a jury trial nor proof beyond a reasonable doubt is required." *Id.*

For the purpose of addressing the issue raised by Steiner, we need only determine if this was a criminal contempt case and, if so, whether the court applied the proper burden of proof. While the courts in Idaho have not always been precise in articulating the distinctions between civil and criminal contempt, this Court attempted to clarify the distinction in *Camp v. East Fork Ditch Co., Ltd.,* 137 Idaho 850, 55 P.3d 304 (2002). In *Camp,* this Court adopted the definitions used by the U.S. Supreme Court, which are based upon the character of the sanction imposed. "Under this definition, an unconditional penalty is a criminal contempt sanction, and a conditional penalty is a civil contempt sanction." *Camp,* 137 Idaho at 863, 55 P.3d at 317. "A penalty is unconditional if the contemnor cannot avoid any sanction by complying with the court order violated." *Id.*

While the relief requested in the order to show cause in this case was for "punishment," including a fine and jail time, that was not the sanction imposed. The district court characterized the contempt action as civil in nature, explaining that the contemnor (Steiner) "should be given the opportunity to purge himself of the contempt by complying with the Stipulated Judgment…." Again, the real question in determining whether the contempt is criminal or civil in nature is not what the parties label it, but rather, what form of relief is actually sought and imposed. Here, in the Judgment entered upon a finding of contempt, the district court ordered:

> That John Steiner and all persons acting by, through or under him be forever enjoined from interfering with the free use of the Rock Creek Canyon Access Road by Donald Barnhill, and his agents, assigns, or successors in interest except in the manner specified in the Stipulated Judgment.

8

Here, the district court properly characterized this contempt action as civil, because it was remedial in nature and for the benefit of Barnhill. *Bagwell*, 512 U.S. at 827, 114 S.Ct. at 2557. There was no penalty imposed so long as Steiner simply complied with the terms of the existing Stipulated Judgment. Thus, Barnhill was not required to prove, and the district court was not required to find, Steiner's contempt beyond a reasonable doubt.

## D. Proper sanction

Steiner argues that the district court abused its discretion by entering an injunction against him and that the court's only authority was to impose the penalties specifically mentioned in I.C. § 7-610 (a fine of $5,000 or imprisonment for a maximum of five days, or both). This Court has held that § 7-611 (which addresses permissible sanctions to compel compliance) "does not preclude alternative civil sanctions under the common law or I.C. § 1-1603." *Marks v. Vehlow*, 105 Idaho 560, 567, 671 P.2d 473, 480 (1983); I.C. § 7-611. Idaho Code § 1-1603(4) provides: "Every court has the power…[t]o compel obedience to its judgments, orders and process…." This Court has recognized that I.C. § 1-1603 "does not attempt to delimit the power recognized therein." *Id.* at 566; 671 P.2d at 479. Therefore, a court does not abuse its discretion by merely imposing reasonable sanctions that are not specifically articulated in Title 7, Chapter 6. This does not give courts unfettered authority to impose unreasonable and inappropriate sanctions; however, the focus of civil contempt is to ensure that orders are complied with and an injunction imposed for this purpose should be upheld.

In this case, the district court simply ordered the parties to continue abiding by the terms of the Stipulated Judgment – terms to which they were already bound. This clearly falls within the judge's authority to compel obedience, and therefore, the order is upheld.

## E. Attorney's fees below and on appeal

Paragraph 38 of the Stipulated Judgment provides that any party "who is a losing party in any court action brought to enforce any of the provisions of this judgment shall pay to the party to this action who is a prevailing party in such court action all reasonable attorney's fees incurred in all trial and appellate courts by such prevailing party to this action in addition to all costs allowed by law." This contempt proceeding was brought in order to enforce the terms of the

9

Stipulated Judgment and to prevent Steiner from further denying Barnhill access to Rock Creek Canyon Access Road. We affirm the district court's decision that Barnhill was the prevailing party below and is entitled to his attorney's fees and costs. Because we affirm the district court's decision on appeal, Barnhill is likewise entitled to attorney's fees and costs on appeal.

## IV.
## CONCLUSION

The district court's decision finding Steiner in contempt of the Stipulated Judgment and imposing an injunction against Steiner is affirmed. The district court's award of attorney's fees and costs below is affirmed, and Barnhill is awarded attorney's fees and costs on appeal as the prevailing party.

Chief Justice SCHROEDER and Justices BURDICK, JONES and CAREY, Pro Tem, **CONCUR**.