**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43457**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 709 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 28, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LANNETTE KAY JOHNSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Lannette Kay Johnson appeals from the district court's judgment of conviction and the order denying her motion to suppress. Johnson filed a motion to suppress the methamphetamine found in her purse and the statements she made during the search. She asserts the search was done without a warrant, her consent was involuntary, and the statements she made during the search were obtained in violation of her Fifth Amendment rights. We affirm the district court's denial of the motion to suppress.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Johnson was stopped for a traffic violation. The officer noticed her eyes were glossy, her pupils were dilated, and she was shaking. The officer told Johnson he would be issuing her a warning and asked her to step out of the van and move to the back of the vehicle to speak with him. The officer told Johnson he believed she had substances in her system. Johnson admitted

1

to drinking alcohol that day and smoking marijuana two weeks prior. The officer commented on her nervousness, told Johnson he thought there was something illegal in the vehicle, and that her nervousness would go away if she would be honest with him. Johnson then admitted she had marijuana and a pipe in her purse. The officer told her to get her purse. Instead of retrieving her purse, Johnson began rummaging through it. The officer called her name several times in order to make her stop rummaging through her purse, but Johnson ignored him.

At that point, the officer handcuffed Johnson for officer safety and to prevent the destruction of evidence. The purse remained on the front passenger seat of Johnson's van. The officer then called for a female officer to come to the location to assist and the female officer conducted a frisk of Johnson. As Johnson was being frisked, Johnson volunteered there may be methamphetamine in her purse. The officer then read Johnson her *Miranda*[1] rights. After two more deputies arrived, the officer asked Johnson if he could search her vehicle. Johnson consented to the search and provided information on how to open the van's door. After obtaining consent, the officer ran his drug dog around the outside of the vehicle. The dog showed a change of behavior on the front passenger side door and when the officer opened the door, the dog alerted on the purse. A search of the purse revealed methamphetamine. Johnson was charged with possession of a controlled substance, felony, Idaho Code § 37-2732(c)(1); the State later amended the information to include a sentencing enhancement for a prior felony drug conviction, I.C. § 37-2739.

Johnson filed a motion to suppress, arguing the methamphetamine was found as a result of a warrantless search and the statements made during the search were involuntary. Following a hearing, the court denied the motion finding the search was valid because Johnson voluntarily consented to the search and Johnson was not in custody when she made the statements or, alternatively, her statements were volunteered and not in response to any questioning so there was no interrogation.

Pursuant to a plea agreement, Johnson entered a conditional guilty plea to the felony possession of a controlled substance charge, reserving the right to appeal the denial of the motion to suppress, and the State dismissed the sentencing enhancement. The court imposed a unified sentence of five years, with two years determinate, suspended the sentence, and placed Johnson on probation. Johnson timely appeals.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

## II.

## ANALYSIS

Johnson argues the search was conducted without a warrant and her consent to search the vehicle was involuntary. She also argues any statements she made were obtained in violation of her Fifth Amendment right against self-incrimination. As a result of the constitutional violations, Johnson argues the evidence should be suppressed. The State argues Johnson did not preserve the issues for appellate review, but even if she did, a review of the totality of the circumstances demonstrates her consent was voluntarily given. The State further argues Johnson was not "in custody" for purposes of *Miranda* during a routine traffic stop and no warnings were required.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). In *State v. Armstrong*, 158 Idaho 364, 367, 347 P.3d 1025, 1028 (Ct. App. 2015), Armstrong raised a different argument in the trial court than in the appellate court, depriving both the State and the district court of the opportunity to address the argument. *Id*. at 368, 347 P.3d at 1029. This Court held that even when a defendant mentions the general basis for a motion to suppress, his or her arguments on appeal are limited by what was argued to the trial court. *Id*. This is so the court has the opportunity to address the argument in the first instance and rule accordingly. *Id*.

In the district court, Johnson's motion to suppress alleged that the search was done without a warrant in violation of the state and federal constitutions, and while there are some exceptions justifying a warrantless search, an exception must be established through the totality of the circumstances and is "limited to the area of the automobile and containers where [the officers] have probable cause to believe contraband or evidence is contained." Johnson's motion

3

further suggested the statements made by Johnson should be suppressed because her will was "overborne by the circumstances of the interrogation by law enforcement agents." At the motion to suppress hearing, Johnson rested on her motion and provided no additional argument or authority. The State also rested on its memorandum in opposition to the motion and did not provide any additional argument.

On appeal, Johnson argues the district court erred in concluding she gave valid consent to search her car because she "was not free to leave," "was in handcuffs" for "half of" her detention, was "outnumbered by the police," and "had a vulnerable subjective state at the time" because she was "exhausted, her head [was] pounding, and she need[ed] to get to work." Johnson never made any of these arguments to the district court. Instead, Johnson argued there was no probable cause to search the vehicle; she never raised the issue of consent except in the context of her *Miranda* claim.

Nonetheless, the State specifically addressed the consent issue in its memorandum in opposition to Johnson's motion, arguing to the district court the totality of the circumstances indicated Johnson voluntarily consented to the search of the van. The district court also addressed the issue, holding:

> The search happened without a warrant, so the burden is on the state to show that it was done in accordance with an established exception to the warrant requirement, and the video of the traffic stop and Deputy Stewart's testimony demonstrate that Ms. Johnson freely gave her consent to search the vehicle. Ms. Johnson gave consent to search her vehicle during daylight hours along highly visible roadway. Deputy Stewart was the only law enforcement present for the bulk of the encounter and took the step of changing the setting on the cruiser lights so that Ms. Johnson would feel less constrained. In the video of the traffic stop, Deputy Stewart's demeanor was never threatening and there is nothing to indicate Ms. Johnson's capacity to self-determine was critically impaired. For the foregoing reasons, the evidence obtained during the search of the van is admissible.

Here, both the State and the district court addressed the precise issue Johnson raises on appeal. The district court had the opportunity to listen to the evidence, analyze Johnson's and the State's argument on the issue, and reach both factual and legal conclusions relevant to the argument. As such, because the policy concerns addressed in *Armstrong* are not present here, the consent issue is sufficiently preserved for our review.

4

## A. Johnson's Consent to Search the Vehicle Was Freely Given

Although a warrantless entry or search of a vehicle is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003). "[C]onsent must be 'unequivocal and specific' and 'freely and intelligently given.'" *United States v. Shaibu*, 920 F.2d 1423, 1426 (9th Cir. 1990) (quoting *United States v. Page*, 302 F.2d 81, 83-84 (9th Cir. 1962)).

"A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous." *VanderWal v. Albar, Inc.*, 154 Idaho 816, 821, 303 P.3d 175, 180 (2013) (quoting *Argosy Trust ex rel. Its Trustee v. Wininger*, 141 Idaho 570, 572, 114 P.3d 128, 130 (2005)). "Factual findings are not clearly erroneous if they are supported by substantial and competent evidence, which is evidence that a reasonable trier of fact could accept and rely upon in determining that such facts had been proved." *VanderWal*, 154 Idaho at 821, 303 P.3d at 180.

Johnson does not argue the district court's factual findings were incorrect, only that the court did not adequately consider the factors she lists on appeal. The district court considered the testimony, the video of the encounter, Johnson's motion, and the State's memorandum. Given the totality of the circumstances, the district court's conclusions are supported by the evidence. Although on the video Johnson tells the officer she is tired, has a headache, and needs to go to work, those statements do not establish direct duress or coercion, nor do they establish implied coercion as the officer did not take advantage of these conditions in order to obtain consent. Moreover, as found by the district court, although Johnson was in handcuffs, the officer

5

was the only law enforcement present for the bulk of the encounter and took the step of changing the setting on the cruiser lights so Johnson would feel less constrained. There is nothing in the video or the testimony to indicate Johnson's consent was the product of improper police duress or coercion. As such, we affirm the district court's holding that Johnson's consent was freely and voluntarily given.

**B.      Johnson's Statements Were Not Obtained in Violation of Her *Miranda* Rights**

*Miranda* "requires that a person be informed of his or her Fifth Amendment privilege against self-incrimination prior to custodial interrogation; otherwise, incriminating statements are inadmissible." *Hansen*, 138 Idaho at 795, 69 P.3d at 1056. The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda*, 384 U.S. at 478. This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456.

A court must consider all of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). Factors to be considered may include the degree of restraint on the person's freedom of movement (including whether the person is placed in handcuffs), whether the subject is informed that the detention is more than temporary, the location and visibility of the interrogation, whether other individuals were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *James*, 148 Idaho at 577-78, 225 P.3d at 1172-73. The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

6

The district court divided Johnson's statements into two periods: (1) Johnson's statements made after her initial contact with the officer until she was placed in handcuffs; and (2) Johnson's statements made after Johnson was restrained but before she was *Mirandized*. Johnson argues the district court erred in finding she was not in custody during each period.

1. **Johnson was not in custody when she made statements after her initial contact with the officer until she was placed in handcuffs**

Johnson argues the court erred in finding she was not in custody during this time period, because she did not feel she could leave. This is premised on Johnson's statement to the officer asking if there is "anything else" the officer needed because she had to get to work. The State argues Johnson's belief she was not free to leave during the course of a routine traffic stop is insufficient to show she was in custody for purposes of *Miranda*.

Persons temporarily detained pursuant to routine traffic stops are not "in custody" for the purposes of *Miranda*. *See Berkemer*, 468 U.S. at 440. Here, the district court correctly recognized a traffic stop is not analogous to a formal arrest and therefore, even though an individual is not free to leave, *Miranda* warnings are not required. Moreover, in reviewing the totality of the circumstances, the district court found the traffic stop was conducted in daylight hours and was reasonable in duration. The officer turned off his overhead lights so Johnson would feel free to leave, his questions were reasonable in number and intensity, and his conduct was appropriate. These facts are not challenged by Johnson and are supported by substantial and competent evidence. The fact that Johnson may not have believed she was free to leave during a routine traffic stop does not equate with being "in custody" for purposes of *Miranda* warnings. As such, the district court did not err in determining Johnson was not in custody during this period.

2. **Johnson's statements made after Johnson was restrained but before she was *Mirandized* were not the result of police questioning**

The district court found Johnson was not under arrest during this period of the stop but even if she were, the statements she made were admissible because the statements were not the result of any police questioning, but instead were volunteered by Johnson. We agree. Although Johnson argues the totality of the circumstances demonstrate she was subject to the functional equivalent of an interrogation, such an argument is not supported by the record. The officer handcuffed Johnson because he was nervous about her rummaging around in her purse. We do not view the officer's statement or question explaining what he was doing as the functional

7

equivalent of an interrogation, and the totality of the circumstances do not support such a finding.  As such, we find there was no express questioning nor was there the functional equivalent of express questioning.  Because there was no interrogation, *Miranda* warnings were not required.

## III.

## CONCLUSION

The district court correctly determined Johnson freely and voluntarily consented to the search of her vehicle and was not entitled to *Miranda* warnings during the traffic stop. Therefore, we affirm the district court's denial of Johnson's motion to suppress and judgment of conviction.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.