## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 37157

DAVID L. CALDWELL and KATHY C.
CALDWELL, husband and wife;
LAWRENCE L. SEILER and THERESA
L. SEILER, husband and wife; and
PATRICIA ST. ANGELO,

    Plaintiffs-Appellants-Cross
    Respondents,

v.

THOMAS W. COMETTO and LORI M.
COMETTO, husband and wife; and DOES
1-5,

    Defendants-Respondents-Cross
    Appellants.

    )
    )
    )   Lewiston April 2011 Term
    )
    )   2011 Opinion No. 61
    )
    )   Filed: May 26, 2011
    )
    )   Stephen W. Kenyon, Clerk
    )

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Hon. Charles Hosack, District Judge.

The judgment of the district court is <u>affirmed</u>. The district court's order denying attorney fees is <u>affirmed</u>. No award of costs or attorney fees on appeal.

Macomber Law, PLLC, Coeur d'Alene, for appellants. Arthur B. Macomber argued.

Featherston Law Firm, Chtd., Sandpoint, for respondents. Brent C. Featherston argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Appellants challenge the district court's refusal to allow the removal of trees within and adjacent to an access-road easement in favor of Appellants running over property belonging to their neighbors, the Comettos. Because there is substantial evidence that the trees do not unreasonably hinder maintenance or snow removal, the district court's order is affirmed. The district court's denial of the parties' requests for attorney fees also is affirmed, as neither party prevailed below.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

This dispute involves several parcels of property in a forested rural portion of Bonner County, Idaho. An access road travels for roughly eight miles from the nearest county highway, crossing National Forest land along the way, before first reaching property belonging to Thomas and Lori Cometto, Respondents. The road enters the western edge of the Comettos' parcel and exits to the east, crossing onto one of two properties owned by David and Kathy Caldwell. It then proceeds through the Caldwells' second parcel and onward to land owned by Patricia St. Angelo and Lawrence and Theresa Seiler. St. Angelo, the Caldwells, and the Seilers are Appellants in this matter.

Until 1997, the access road ran in a straight line directly through the Comettos' parcel and was subject to a deeded easement benefiting Appellants. At that time, the Comettos rerouted the road so that it circumvented the buildings on their property, a project that added four new sharp turns to the road. The new road is also narrow, spanning just eleven to twelve feet in some places.

Shortly thereafter, two of the Appellants' predecessors in interest filed separate suits against the Comettos, alleging that the new road illegally injured their easement rights under I.C. § 55-313. To settle that litigation, in 2000 the Appellants and/or their predecessors in interest signed an easement agreement with the Comettos.[1] The agreement granted Appellants an easement over the newly constructed access road, "which easement is believed to lie within the West thirty (30) feet, the North thirty (30) feet, and the East thirty (30) feet of the Cometto Property." It was recorded and, by its terms, is appurtenant to the Appellants' land.

Appellants filed this action in October of 2007, seeking an order quieting title to the new easement at a full thirty feet in width, a declaratory judgment that the Comettos must upgrade the road to the same standards as the previous road, an injunction against placing obstacles in the right-of-way, and other relief. Just prior to the bench trial, Appellants moved to amend their pleading to add a quiet-title claim based on a different supposed sixty-foot-wide deeded easement. On the first day of trial, the court responded to the motion by bifurcating the

---

[1] The agreement is signed by Kathleen Caldwell, Appellant, David and Bonnie Crum, St. Angelo's predecessors in interest, and Arlan Lemen, who is the Seilers' predecessor in interest. Jerry and Judith Campbell also signed the agreement on behalf of their family trust. They are predecessors in interest to both of the Caldwells' properties. The Caldwells have owned a residential property near the Comettos' parcel since 1998, but did not obtain their second property until 2004, which is a largely unimproved neighboring parcel. The unimproved parcel lies directly to the east of the Comettos' property; it is the parcel through which the access road travels immediately after leaving the Comettos' land.

2

proceedings to allow the parties to later address easement claims other than those arising from the easement agreement. A three-day trial followed, focusing exclusively on the scope of the easement agreement.[2]

After trial, the district court issued an Amended Partial Judgment in which it quieted title to the easement in favor of Appellants, incorporating a new professional survey of the road.[3] The court held that the agreement conveyed a primary easement over the new travelway, as well as a three-foot-wide secondary easement along each edge of the road up to a maximum of thirty total feet in width. It held that, in areas where the travelway was less than fourteen feet wide, the secondary easement would expand so that the total easement width would equal twenty feet. Although the partial judgment required the Comettos to keep debris and obstacles out of the easement, it expressly precluded Appellants from removing any of the nineteen mature trees from the secondary easement. The Amended Partial Judgment included a Certificate of Final Judgment as to Appellants' claims under the easement agreement pursuant to I.R.C.P. 54(b)(1). The court also issued an order denying the parties' cross-motions for costs and attorney fees, holding that there had been no prevailing party.

Appellants appealed from the Amended Partial Judgment and from the order denying their motion for attorney fees.[4] They assert that there is no substantial evidence supporting the district court's refusal to allow mature trees to be removed from within the secondary easement. They also contend that the district court's ruling on attorney fees was premature, as they have further claims remaining to be resolved. The Comettos respond that Appellants are simply asking this Court to second-guess the trial court's findings regarding the trees along the access road. They also filed a cross-appeal, asserting that the district court should have awarded them attorney fees and costs as the prevailing party below.

### III. ISSUES ON APPEAL

1. Whether there is substantial evidence to support the district court's refusal to allow or require trees within the secondary access-road easement to be removed.

---

[2] Although they were plaintiffs in this action and participated in discovery, St. Angelo and the Seilers did not actually participate in the trial. Along with Lori Cometto, the Caldwells were the only witnesses called on Appellants' behalf. The district court's Amended Partial Judgment nonetheless applies to all Appellants, not just the Caldwells.

[3] The court ordered the parties to split the cost of properly surveying the road as it existed after trial.

[4] A court may "direct the entry of a final judgment upon one or more but less than all of the claims or parties" in an action if the district court finds there is no just reason to delay judgment. I.R.C.P. 54(b)(1). Appeals may be taken as a matter of right from partial judgments certified this way. I.A.R. 11(a)(3).

**2.** Whether the district court properly ruled that neither party was entitled to attorney fees below.

**3.** Whether either party is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

This Court reviews the trial court's findings after a bench trial for clear error. I.R.C.P. 52(a).[5] "A trial court's findings of fact in a bench trial will be liberally construed on appeal in favor of the judgment entered, in view of the trial court's role as trier of fact." *Beckstead v. Price*, 146 Idaho 57, 61, 190 P.3d 876, 880 (2008) (quoting *Anderson v. Larsen*, 136 Idaho 402, 405, 34 P.3d 1085, 1088 (2001)). Factual findings will be upheld if supported by substantial, competent evidence, even if the parties presented conflicting evidence at trial. *Griffin v. Anderson*, 144 Idaho 376, 378, 162 P.3d 755, 757 (2007). By contrast, this Court freely reviews issues of law. *Neider v. Shaw*, 138 Idaho 503, 506, 65 P.3d 525, 528 (2003).

### V. ANALYSIS

**A.** **The District Court's Refusal to Allow Mature Trees Within the Secondary Easement to Be Removed Was Supported by Substantial Evidence**

Neither party contests the district court's holding regarding the location and width of the access-road easement. Appellants, however, argue that they should be permitted to remove trees within the secondary easement that runs along the established travelway. Despite the fact that the district court granted a three-foot secondary easement along each side of the travelway, it declined to allow any trees to be removed. It held that the "existing mature trees within the secondary easement have not been shown to unreasonably interfere with plaintiffs' ability to maintain the travelway, and that removal of existing mature trees is precluded as it would constitute an alteration that unnecessarily burdens the servient tenement." The Caldwells testified that a number of trees are located just adjacent to the travelway, making travel difficult. They contend that the trees present the greatest problem during the winter, as they impede or damage the Caldwells' heavy plowing equipment and make it difficult to store snow in large piles near the travelway.

The easement agreement conveyed to Appellants "an easement over and across the Cometto property, for the benefit of their respective properties," located on the newly constructed roadway. When construing an instrument granting an easement, the court must consider the intent of the parties and the circumstances in existence at the time the easement was

---

[5] "Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it." I.R.C.P. 52(a).

granted. *Kolouch v. Kramer*, 120 Idaho 65, 69, 813 P.2d 876, 880 (1991). "Where the grant or reservation of an easement is general in its terms, use of the easement includes those uses which are incidental or necessary to the reasonable and proper enjoyment of the easement, but is limited to those that burden the servient estate as little as possible." *Walker v. Boozer*, 140 Idaho 451, 455, 95 P.3d 69, 73 (2004) (quoting *Abbott v. Nampa Sch. Dist. No. 131*, 119 Idaho 544, 548, 808 P.2d 1289, 1293 (1991)). Idaho recognizes the existence of secondary easements, which convey the right to repair and maintain the primary easement so long as such activity is reasonable. *Drew v. Sorensen*, 133 Idaho 534, 538, 989 P.2d 276, 280 (1999); *see also Conley v. Whittlesey*, 133 Idaho 265, 271, 985 P.2d 1127, 1133 (1999) (stating that secondary easements to repair and maintain the primary easement cannot enlarge the burden on the servient estate); *Simonson v. Moon*, 72 Idaho 39, 48, 237 P.2d 93, 98 (1951) (recognizing that secondary easements exist as to ditch rights "for the purpose of cleaning and maintenance").

There was substantial evidence to justify the district court's finding that removing mature trees within the secondary easement would unreasonably burden the Comettos' estate. The district court provided the secondary easement along the length of the access road onto which the Caldwells could push snow. It also allowed two snow-storage areas adjacent to the road on the west side of their property, the portion furthest away from the Caldwells' parcel. The court reasoned that the Caldwells could store additional snow on their own property. The Caldwells own at least five pieces of heavy snow removal equipment, and although they have collided with trees before, there was no testimony that any specific trees make the road impassable in the winter. On appeal, rather than identifying particularly problematic individual trees, the Appellants seem to assert that all the trees within the secondary easement should be removed. Further, the district court had the benefit of a number of photographs that Appellants introduced at trial but did not provide to this Court on appeal. The district court's decision is therefore affirmed.

Appellants expend considerable effort arguing that the Comettos violated I.C. § 55-313 in 1997 when they reconfigured the road so that a number of trees are directly adjacent to the travelway. This statute allows the servient-estate owner to relocate an access road when doing so does not injure interested parties.[6] *Statewide Constr., Inc. v. Pietri*, 150 Idaho 423, 429, 247 P.3d

---

[6] I.C. § 55-313 provides in full:

> Where, for motor vehicle travel, any access which is less than a public dedication, has heretofore been or may hereafter be, constructed across private lands, the person or persons owning or controlling the private lands shall have the right at their own expense to change such

5

650, 656 (2011). The Comettos contend that any claims under § 55-313 have already been litigated and settled by the easement agreement.

Whether I.C. § 55-313 prevents the Comettos' from realigning the access road is not an issue before this Court. The district court below expressly limited the bench trial to interpreting the scope of Appellants' easement rights under the easement agreement and did not address any § 55-313 arguments in its Amended Partial Judgment. Whether Appellants have any lingering claims under § 55-313 or whether such claims are blocked by res judicata are issues that remain to be resolved in the next stage of the bifurcated proceedings.

**B.     The District Court Did Not Abuse Its Discretion by Declining to Award Attorney Fees and Costs After Issuing a Partial Judgment Because No Party Prevailed**

The district court below bifurcated the proceedings, separating Appellants' claims under the easement agreement from any other claims relating to the easement. It then found that there was no prevailing party and denied each side's cross-motions for attorney fees. Appellants contend that it was premature for the district court to enter this order because midway through a bifurcated action is too soon to identify a prevailing party. Both sides also argue that the district court should have awarded them attorney fees.

*1.     A Partial Judgment Certified Under I.R.C.P. 54(b)(1) Is a Final Order for Which the Court May Award Fees and Costs*

Costs are generally allowed as a matter of right to the prevailing party. I.R.C.P. 54(d)(1)(A). The courts may also award attorney fees to a prevailing party pursuant to statute or contract. I.R.C.P. 54(e)(1). For both costs and fees, Rule 54(d)(1)(B) governs the determination of who, if anyone, is the prevailing party. I.R.C.P. 54(d)(1)(B), 54(e)(1). This rule provides that "the trial court shall in its sound discretion consider the *final judgment* or result of the action." I.R.C.P. 54(d)(1)(B) (emphasis added). Judges are therefore empowered to award costs and fees pertaining either to a final judgment or to an action that has been completely adjudicated.

The district court's ruling on costs and fees was not premature because a partial judgment is a "final judgment" as required in Rule 54(d)(1)(B). A judgment is final if it has been certified as such pursuant to Rule 54(b)(1). I.R.C.P. 54(a). A partial judgment certified as final is not subject to revision. I.R.C.P. 54(b)(1). The Amended Partial Judgment in this action has been certified as a final judgment with respect to Appellants' claims under the easement agreement.

---

access to any other part of the private lands, but such change must be made in such a manner as not to obstruct motor vehicle travel, or to otherwise injure any person or persons using or interested in such access.

6

Because the judgment is final and is not subject to the court's revision, it was within the court's discretion to award costs and fees. The district court therefore could identify a prevailing party.[7]

> 2. *The District Court Did Not Abuse Its Discretion by Holding That Neither Party Prevailed*

The court's decision as to which party prevailed is subject to abuse-of-discretion review. *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 130 Idaho 255, 258, 939 P.2d 574, 577 (1997). In examining whether a court has abused its discretion, this Court considers:

> (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of this discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sun Valley Shopping Ctr., Inc. v. Idaho Power*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). To identify the prevailing party, the court considers the partial judgment "in relation to the relief sought by the requested parties." I.R.C.P. 54(d)(1)(B). The district court may apportion costs and fees between the parties, and where the parties have each succeeded on some issues but not on others, the district court may find that neither party has prevailed. *E.g. Trilogy Network Sys., Inc. v. Johnson*, 144 Idaho 844, 847–48, 172 P.3d 1119, 1122–23 (2007); *Israel v. Leachman*, 139 Idaho 24, 27, 72 P.3d 864, 867 (2003). Here, the district court's decision satisfied the first element of the abuse-of-discretion analysis by recognizing that its decision was discretionary.

The court below also acted within the bounds of its discretion and through an exercise of reason when it found that none of the parties had prevailed. Appellants sought to quiet title to a thirty-foot-wide easement pursuant to the easement agreement and to enjoin the Comettos from placing structures or obstacles in or near the roadway. Appellants prevailed in part in that the court quieted title in their favor both to the roadway itself as well as a secondary easement, which included two snow-storage areas. The Comettos must also keep the roadway clear. Appellants seek a number of other kinds of relief, including the right to upgrade and realign the road, but these claims have yet to be fully adjudicated, as they rest on other easement theories. The Comettos prevailed in part because the court found that the agreement conveyed an easement that, in most places, does not span a full thirty feet. They also may retain the mature

---

[7] Recently this Court mentioned that attorney fees cannot be awarded until all of the claims involved in an "action" have been resolved. *Bagley v. Thomason*, 149 Idaho 799, 804 n.4, 241 P.3d 972 n.4 (2010). It is true that an action has not been fully adjudicated until all the claims and defenses at issue have been resolved, but I.R.C.P. 54(d)(1)(B) also provides that a court may award fees when it has issued a "final judgment." Because a Rule 54(b) partial judgment is defined as a "final judgment" under I.R.C.P. 54(a), a court may issue fees pertaining to that portion of the action. It might well be preferable in bifurcated cases for the district court to wait to rule on motions for costs and attorney fees until the entire action has concluded.

trees along the travelway, even those within the secondary easement. The district court therefore did not abuse its discretion by finding that there had been no prevailing party in the first stage of the bifurcated proceedings.

## C.      Neither Party Is Entitled to Attorney Fees on Appeal

Appellants requested attorney fees on appeal under the terms of the easement agreement, which provides for attorney fees and costs on appeal to be awarded to a "prevailing party" in any dispute relating to the interpretation or enforcement of the agreement.[8] Appellants do not prevail on either of the two issues they raised on appeal: (1) whether the district court should have allowed the trees within the secondary easement to be cut down; and (2) whether the court should have awarded costs and fees below to Appellants. Since they do not prevail on appeal, Appellants are not entitled to attorney fees under the easement agreement.

The Comettos claim attorney fees under I.C. § 12-120(3), which mandates a fee award to the prevailing party in civil actions involving commercial transactions.[9] *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 728, 152 P.3d 594, 599 (2007). They also seek fees under I.C. § 12-121, which allows courts discretion to award fees to the prevailing party in appeals that have been brought or defended frivolously, unreasonably or without foundation.[10] *Berg v. Kendall*, 147 Idaho 571, 579, 212 P.3d 1001, 1009 (2009). Where both parties prevail in part on appeal, this Court may deny fees. *See Boll v. State Farm Mut. Auto. Ins. Co.*, 140 Idaho 334, 344–45, 92 P.3d 1081, 1091–92 (2004) (finding no prevailing party under § 12-121 because both

---

[8] Paragraph 12 of the easement agreement provides in full: "In the event that any dispute arises regarding the interpretation, application, breach or enforcement of this provision of this Agreement, then the prevailing party in such dispute shall be entitled to recover their attorney fees and costs incurred, including attorney fees and costs on appeal."

[9] Idaho Code § 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof. I.C. § 12-120(3).

[10] Idaho Code § 12-121 provides in full:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

the appeal and the cross-appeal failed); *Keller v. Inland Metals All Weather Cond., Inc.*, 139 Idaho 233, 241, 76 P.3d 977, 985 (2003) (referring to § 12-120(3)). While the Comettos correctly note that Appellants were simply inviting this Court to second-guess the district court's findings regarding trees along the easement, the Comettos also cross-appealed the district court's ruling on costs and attorney fees. Since they did not prevail on their cross-appeal, as discussed above, the Comettos are not entitled to attorney fees on appeal. Without a prevailing party, it is not necessary to discuss whether this appeal involves a "commercial transaction" under § 12-120(3) or whether the appeal was brought or defended unreasonably under § 12-121.

The Comettos also requested fees under the easement agreement, but for the reasons cited above, they are not the prevailing party under this contract provision and therefore are not entitled to fees.

## VI. CONCLUSION

The district court's Amended Partial Judgment is affirmed, as there is substantial evidence supporting its decision to allow the Comettos to keep the mature trees along the easement. The district court's order denying the parties' cross-motions for attorney fees is affirmed, as no party prevailed below. Neither party is entitled to attorney fees or costs on appeal because neither prevailed.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON **CONCUR.**