# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37888

| | | |
|---|---|---|
| JERRY MACHADO and TERRY MACHADO, husband and wife, | ) ) ) | |
| Plaintiffs/Counterdefendants/Appellants/ Cross-Respondents, | ) ) ) | |
| | ) | Coeur d'Alene, April 2012 Term |
| v. | ) ) | 2012 Opinion No. 102 |
| CHARLES L. RYAN and CAROL RYAN, husband and wife, Trustees of the CHARLES AND CAROL RYAN TRUST, JANE DOE RYAN, JOHN DOE RYAN, JOHN DOES I-III, JANE DOES I-III, and any other person or entity claiming an interest in the following parcel of real property located in the County of Benewah, State of Idaho, to Wit: a tract of land situated in the Northwest Quarter of the Southeast Quarter of the Southeast Quarter of Section 19, Township 45 North, Range 1 West of the Boise Meridian, County of Benewah, State of Idaho, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Filed: June 29, 2012 Stephen Kenyon, Clerk |
| Defendants/Counterclaimants/ Respondents/Cross-Appellants. | ) ) | |
| ------------------------------------------------------- | ) | |
| CHARLES L. RYAN and CAROL RYAN, husband and wife, | ) ) ) | |
| Third-Party Plaintiffs/Respondents/ Cross-Appellants, | ) ) ) | |
| v. | ) ) | |
| RICHARD F. CLINTON and JOHN DOES I-III, JANE DOES I-III, and any other person or entity claiming an interest in the following parcel of real property located in the County of Benewah, State of Idaho, to Wit: a tract of land situated in the NW 1/2 of the SE 1/4 of the SE 1/4 of Section 19, Township 45 North, Range 1 West of the Boise Meridian, County of Benewah, State of Idaho, | ) ) ) ) ) ) ) ) ) ) | |

**Third-Party Defendants/Appellants/** )
**Cross-Respondents.** )
------------------------------------------------------- )
**KRISTOPHER JONES,** )
)
    **Intervenor/Respondent/Cross-Appellant,** )
)
**v.** )
)
**RICHARD CLIFTON, JERRY MACHADO** )
**and TERRY MACHADO, husband and wife,** )
**and JOHN DOES I-III, JANE DOES I-III,** )
**and any other person or entity claiming an** )
**interest in the following parcel of real** )
**property located in the County of Benewah,** )
**State of Idaho, to Wit: a tract of land situated** )
**in the NW 1/2 of the SE 1/4 of the SE 1/4 of** )
**Section 19, Township 45 North, Range 1 West** )
**of the Boise Meridian, County of Benewah,** )
**State of Idaho, and a tract of land situated in** )
**the NW 1/4 of the SW 1/4 of the SE 1/4 of** )
**Section 19, Township 45 North, Range 1 West** )
**of the Boise Meridian, County of Benewah,** )
**State of Idaho,** )
)
    **Defendants/Appellants/Cross-** )
    **Respondents.** )
_____ )

Appeal from the District Court of the First Judicial District of the State of Idaho, Benewah County.  Hon. Lansing L. Haynes, District Judge.

The decision of the district court is <u>affirmed</u> in part, <u>reversed</u> in part and the case is <u>remanded</u> for further proceedings consistent with this opinion.

Linscott Law Firm, PLLC, Coeur d'Alene, for appellants.  April Linscott argued.

Ian D. Smith, Coeur d'Alene, for respondents.

_____

HORTON, Justice.

    Jerry and Terry Machado (the Machados) and Richard Clifton appeal from the district court's decision finding that their properties are burdened by an express easement and an implied

easement by necessity in favor of Charles and Carol Ryan (the Ryans) and Kristopher Jones.[1] Ryan and Jones cross-appeal the district court's failure to rule on their claims of implied easement by prior use and easement by prescription. We affirm in part, reverse in part, and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 1970, Promised Land & Cattle Co. (PL&C) conveyed the SE ¼ of the SE ¼ of Section 19, Township 45 North, Range 1 West, Boise Meridian (Section 19) to Timberland Resources, Inc. (Timberland). On the same day, before Timberland's deed was recorded, PL&C and other adjacent landowners recorded an instrument that created an easement across portions of Sections 20, 29, 30, and 31 (the Road Easement), but did not contain any reference to Section 19. The easement was "for a roadway for ingress and egress," to be "located upon and along the existing logging road" that was shown on the map attached to and incorporated into the easement. The map showed a road that did not cross Section 19. The easement expressly provided that "[n]one of the parties shall have the right to use any roads across any lands of the other parties except as to said logging road." From 1970 to 1971, the road that was shown in the Road Easement was relocated at Timberland's direction onto Section 19 to form the present public road called Flat Creek Road. On December 22, 1970, Timberland sold Clifton the E ½ of the SE ¼ of the SE ¼ of Section 19. Clifton's deed contained the following provision:

> SUBJECT TO: Easement of record, which allows joint useage [sic] of a road over and across the described property and adjacent property which runs with the land, for ingress and egress from the described property as recorded on November 6, 1970 in Book 154 of Miscellaneous Records, page 394, records of Benewah County, Idaho, being Document No. 119025.

The document identified in this deed is the Road Easement. Timberland then conveyed to Monty Dickinson the SW ¼ of the SE ¼ of the SE ¼ of Section 19. The deed also provided that the conveyance was "[s]ubject to" the Road Easement.

The Ryans purchased the SW ¼ of the SE ¼ of the SE ¼ of Section 19 in 1989 and the property was conveyed to them "with all tenements, easements, hereditaments and appurtenances thereunto belonging." The Ryans built a home on the property, accessing their parcel by means

---

[1] Unless the context clearly indicates otherwise, "Machado" refers to the appellants (the Machados and Clifton) collectively, and "the Ryans" refers to the respondents (the Ryans and Jones) collectively.

of the private road at issue, known as Shamrock Lane. From 1993 until this controversy developed, the Ryans made improvements to, and maintained, Shamrock Lane.

Timberland conveyed the NW ¼ of the SE ¼ of the SE ¼ of Section 19 to Kristopher Jones via a deed that stated: "[a]ccess to this property is by a private road which extends from the public road and crosses this tract to provide access to other lands in Section 19. The grantor reserves an easement for said road across this tract for use by other landowners in this section." Clifton later conveyed the NE ¼ of the SE ¼ of the SE ¼ of Section 19 to Machado via a deed that provides that the property is subject to all easements of record. Before purchasing their properties, both Clifton and Jones received and reviewed Timberland's promotional materials, which described the lots and stated that access to the property was by "private road."

When Clifton purchased his lot from Timberland, there was no public road providing access to what later became the Jones property, and the only present access to the Jones property is Shamrock Lane. Flat Creek Road now crosses the southeast corner of the Ryan property. According to Machado's expert, Jeffrey Pugh, a significant amount of work would be necessary to construct usable access to the home located on the Ryan property from Flat Creek Road. Pugh estimated that the cost of constructing this access would exceed $22,000, not including the additional costs of relocating a power pole and installing a culvert.

Machado filed a complaint to quiet title and for declaratory relief on September 27, 2007. Ryan timely answered and counter-claimed, asking the district court to find an easement over the Machado property under theories of express easement, implied easement by necessity, implied easement by prior use, and prescription. Ryan also filed a third party complaint against Clifton, requesting easements across his property. The third party complaint was later amended to reflect that legal title to the Ryan property is held by the Charles and Carol Ryan Trust. By stipulation of the parties, Jones was permitted to intervene, and he filed a complaint asking for an easement across the Machado and Clifton properties.

The district court denied the Ryans' summary judgment motion and set a trial date. A six-day court trial was held on June 16-18, 2009, and September 28-30, 2009. The district court found in favor of Ryan and Jones, concluding that both an express easement and an easement implied by necessity exist across the Machado and Clifton properties on Shamrock Lane. The district court found that the easement is fourteen feet wide and that there is a secondary easement of fifteen feet on each side of Shamrock Lane for snow removal. Machado appeals the district

4

court's findings. The Ryans cross-appeal the district court's failure to decide their claims of easement implied by prior use and easement by prescription.[2]

## II. STANDARD OF REVIEW

"This Court reviews factual findings made after a trial without a jury for clear error." *Coward v. Hadley*, 150 Idaho 282, 286, 246 P.3d 391, 395 (2010) (citing. I.R.C.P. 52(a)). "We will not disturb findings of fact that are supported by substantial and competent evidence, even if there is conflicting evidence." *Backman v. Lawrence*, 147 Idaho 390, 394, 210 P.3d 75, 79 (2009) (quoting *Akers v. D.L. White Constr., Inc.,* 142 Idaho 293, 298, 127 P.3d 196, 201 (2005) (*Akers I*)). Substantial evidence is that which a reasonable trier of fact would accept and rely upon it in determining findings of fact. *Id.* We freely review the district court's conclusions of law. *Coward*, 150 Idaho at 286, 246 P.3d at 395 (citing *Carney v. Heinson,* 133 Idaho 275, 278, 985 P.2d 1137, 1140 (1999)).

"The existence of ambiguity determines the standard of review of a lower court's interpretation of a contract or instrument." *Mountainview Landowners Coop. Ass'n, Inc. v. Cool*, 139 Idaho 770, 772, 86 P.3d 484, 486 (2004) (citing *Union Pac. R.R. Co. v. Ethington Fam. Trust,* 137 Idaho 435, 437–38, 50 P.3d 450, 452–53 (2002)). "The legal effect of an unambiguous written document must be decided by the trial court as a question of law." *Mountainview Landowners*, 139 Idaho at 772, 86 P.3d at 486 (quoting *Latham v. Garner,* 105 Idaho 854, 857, 673 P.2d 1048, 1051 (1983)). "If, however, the instrument of conveyance is ambiguous, interpretation of the instrument is a matter of fact for the trier of fact." *Id.* Whether a document is ambiguous is a question of law. *McKay v. Boise Project Bd. of Control,* 141 Idaho 463, 469, 111 P.3d 148, 154 (2005) (citing *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 899 P.2d 411 (1995)).

## III. ANALYSIS

### A. Express Easement

Machado argues that the district court erred in finding an express easement because the deed does not reserve an easement and no other writing creates an easement. The Ryans respond that the district court correctly concluded that the language in the deeds conveying the subject

---

[2] We note that pursuant to the Idaho Appellate Rules, the cross-appellant may file a brief in reply to the cross-respondent's brief. I.A.R. 35(c). This reply "may contain additional argument in rebuttal to the contentions of the [cross-] respondent." *Id.* In this case, Ryan's reply brief contains not only argument in rebuttal to Machado's response, but additional argument addressing Machado's original arguments on appeal. Because this is not permitted by the Appellate Rules, this Court did not consider the additional briefing in reaching its decision.

properties, along with the written materials used to market the property, created an express easement. We disagree and reverse the district court's judgment finding an express easement.

Express easements may be created by either reservation or exception. *Akers I*, 142 Idaho at 301, 127 P.3d at 204 (citing 7 Thompson on Real Property, Thomas Edition § 60.03(a)(2)(i) (David A. Thomas ed., 1994)). "An express easement by reservation reserves to the grantor some new right in the property being conveyed; an express easement by exception operates by withholding title to a portion of the conveyed property." *Id.* Because an express easement is an interest in real property, it "may only be created by a written instrument." *Tower Asset Sub Inc. v. Lawrence*, 143 Idaho 710, 714, 152 P.3d 581, 585 (2007) (citing *Shultz v. Atkins,* 97 Idaho 770, 773, 554 P.2d 948, 951 (1976)). At a minimum, a valid express easement must identify the land subject to the easement and express the intent of the parties. *Hodgins v. Sales*, 139 Idaho 225, 233, 76 P.3d 969, 977 (2003) (citing *Nw. Pipeline Corp. v. Forrest Weaver Farm, Inc.,* 103 Idaho 180, 181, 646 P.2d 422, 423 (1982)). Thus, while specific words are not required to create an express easement, the writing must make clear the parties' "intention to establish a servitude." *Coward*, 150 Idaho at 287, 246 P.3d at 396 (quoting *Capstar Radio Operating Co. v. Lawrence,* 143 Idaho 704, 707, 152 P.3d 575, 578 (2007) (*Capstar I*)).

When this Court interprets or construes a deed, "the primary goal is to seek and give effect to the real intention of the parties." *Porter v. Bassett*, 146 Idaho 399, 404, 195 P.3d 1212, 1217 (2008) (quoting *Benninger v. Derifield,* 142 Idaho 486, 489, 129 P.3d 1235, 1238 (2006)). If the deed is ambiguous, the trier of fact must "determine the intent of the parties according to the language of the conveyance and the circumstances surrounding the transaction." *Id.* (citing *Neider v. Shaw,* 138 Idaho 503, 508, 65 P.3d 525, 530 (2003)). However, "[i]f the language of a deed is plain and unambiguous, the intention of the parties must be ascertained from the deed itself and extrinsic evidence is not admissible." *Benninger*, 142 Idaho at 489, 129 P.3d at 1238 (citing *Simons v. Simons,* 134 Idaho 824, 11 P.3d 20 (2000)). "Ambiguity may be found where the language of the deed is subject to conflicting interpretations." *Read v. Harvey,* 141 Idaho 497, 499, 112 P.3d 785, 787 (2005) (citing *Neider,* 138 Idaho at 508, 65 P.3d at 530).

We hold that the deed conveying the E ½ of the SE ¼ of the SE ¼ of Section 19 from Timberland to Clifton is unambiguous and did not create an express easement. The deed contains the identity of the parties, a description of the property to be conveyed, and words of conveyance. However, there is no language that clearly establishes an intention to burden the

property with an easement. The district court relied on the following clause in the deed, which provides that the conveyance is:

> SUBJECT TO: Easement of record, which allows joint useage [sic] of a road over and across the described property and adjacent property which runs with the land, for ingress and egress from the described property as recorded on November 6, 1970 in Book 154 of Miscellaneous Records, page 394, records of Benewah County, Idaho, being Document No. 119025. Easements for public highways, if any, as the same are now laid out or constructed over and across said lands.

> Reservation by Benewah County of right to build and construct a road across this land at any time in the future and saving sna [sic] excepting to the county all rights of way and easements for roads or other purposes appearing of record and excepting public roads, if any, across the land having been used by the public for a period of five years whether appearing of record or not.

The easement referred to in this provision grants ingress and egress over a road that did not cross Section 19 at the time Timberland conveyed the property to Clifton. Therefore, it cannot clearly establish the parties' intention to burden property located entirely within Section 19.

While the deed does state that the conveyance is "subject to" an easement, we have held that this kind of language is "not evidence of a grantor's intent to reserve or except an easement," but merely "an attempt to create an exception to the grantor's warranties of title and quiet enjoyment and thereby limit the grantor's potential liability." *Akers I*, 142 Idaho at 301, 127 P.3d at 204; *Birdwood Subdiv. Homeowners' Ass'n, Inc. v. Bulotti Const., Inc.*, 145 Idaho 17, 21, 175 P.3d 179, 183 (2007). Thus, language in a deed providing that the conveyance is "subject to" easements of record does not in itself reserve an easement. We therefore hold that the district court erred in finding an express easement.

## B. Implied Easement by Necessity

Machado argues that the district court erred in finding an easement implied by necessity because the facts do not demonstrate that there was a reasonable necessity for the easement at the time of severance, nor that there is a great present necessity for the easement. The Ryans contend that the evidence and testimony demonstrate both necessity at the time of severance and great present necessity. Under the standard of review we apply when reviewing a district court decision, the question is whether the facts that are supported by substantial and competent evidence are sufficient to satisfy the requirements for the existence of an easement implied by necessity. We affirm as to the Jones property, but reverse as to the Ryan property.

In order to establish the existence of an implied easement by necessity, the claimant "must prove '(1) unity of title and subsequent separation of the dominant and servient estates; (2) necessity of the easement at the time of severance; and (3) great present necessity for the easement.'" *Backman v. Lawrence*, 147 Idaho 390, 394, 210 P.3d 75, 79 (2009) (quoting *Bear Island Water Ass'n, Inc. v. Brown,* 125 Idaho 717, 725, 874 P.2d 528, 536 (1994)). We have held that reasonable necessity is sufficient to satisfy the second element. *Coward v. Hadley*, 150 Idaho 282, 288, 246 P.3d 391, 397 (2010) (citing *Akers v. Mortensen*, 147 Idaho 39, 45-46, 205 P.3d 1175, 1181-82 (2009) (*Akers II*)). Reasonable necessity is "something less than" great present necessity. *Beach Lateral Water Users Ass'n v. Harrison*, 142 Idaho 600, 605, 130 P.3d 1138, 1143 (2006) (citing *Davis v. Peacock*, 133 Idaho 637, 643, 991 P.2d 362, 368 (1999)).

A reasonable necessity for an easement may exist even if the property is not landlocked. In determining whether reasonable necessity exists, the district court must "balance the respective convenience, inconvenience, costs, and other pertinent facts." *Thomas v. Madsen*, 142 Idaho 635, 638, 132 P.3d 392, 395 (2006) (citing *Eisenbarth v. Delp,* 70 Idaho 266, 270, 215 P.2d 812, 814 (1950))[3]. In *Thomas*, though the subject property was adjacent to a public road, we affirmed a finding of reasonable necessity because, due to the nature of the property, constructing access from that road would have required "considerable expense and time." *Id.* In contrast, where an existing road provided ready access to the subject property, the easement was not reasonably necessary. *Akers II*, 147 Idaho at 46, 205 P.3d at 1182. Thus, reasonable necessity may exist even where there is a possibility for alternate access.

In contrast, great present necessity exists where the claimed easement is the only access to the claimant's property. *Brown v. Miller*, 140 Idaho 439, 443, 95 P.3d 57, 61 (2004). As the Court of Appeals has held, an easement implied by necessity "must not be granted if there is an alternate access, though it be expensive or inconvenient," because the expense or inconvenience of an alternate access is insufficient to demonstrate great present necessity. *Bob Daniels & Sons v. Weaver*, 106 Idaho 535, 542, 681 P.2d 1010, 1017 (Ct. App. 1984) (citation omitted).

In this case, the first two elements are satisfied. PL&C conveyed the entire SE ¼ of the SE ¼ of Section 19 to Timberland in 1970, and Timberland then conveyed the eastern half of the property to Clifton, while retaining the western half. Therefore, there was unity of title in

---

[3] This Court noted that even though "*Eisenbarth* involved a private condemnation action under I.C. § 7–701(5), its analysis of reasonable necessity required for the private condemnation of a road is also applicable to the reasonable necessity required for an implied easement by prior use." *Thomas,* 142 Idaho at 639 n. 3, 132 P.3d at 396 n. 3.

Timberland and then the dominant and servient estates were severed, satisfying the first element. The second element is also satisfied. At the time of the severance, there was no access to the western half of SE ¼ of the SE ¼ of Section 19, where the Ryan and Jones properties are located. Because a complete lack of access is sufficient to meet the "great present necessity" standard, it must also satisfy the lesser requirement for reasonable necessity.

As to the final element, Shamrock Lane provides the only current access to the Jones property and thus, as to the Jones property, a great present necessity exists for the easement.[4] However, the Ryans' parcel is presently connected to a public road, as Flat Creek Road traverses a portion of their property. The Ryans contend that there is a great present necessity for the easement because constructing an access to their home from Flat Creek Road would be dangerous and expensive. Machado's construction expert agreed, estimating that creating access to the Ryan property from Flat Creek Road would cost more than $22,000.

We are not persuaded by the Ryans' argument for two reasons. First, we have rejected the proposition that one is entitled to an implied easement by necessity over the lands of another in order to gain access to portions of one's property that are not otherwise readily accessible. In *Capstar Radio Operating Co. v. Lawrence*, No. 38300, 2012 WL 1918406 (Idaho May 29, 2012) (*Capstar III*), we stated: "The requirements of necessity do not require that there be access to all portions of a parcel or that there be the most convenient access possible. Rather, it simply requires that there be some public access to the parcel." *Id*. at \*6. In this case, the Ryans have access to their property; the problem, as they see it, is that they do not have ready access to the location at which they have built their home.

This brings us to the second reason that the Ryans' contention fails. They selected the location for their home and constructed it at a location not readily accessible from Flat Creek Road. A party asserting an easement by necessity may not create the necessity through his or her own actions. *Capstar III,* 2012 WL 1918406 at \*5 (citing *B & J Dev. & Invs., Inc. v. Parsons,*

---

[4] Machado contends that no great present necessity exists for Jones because the Ryans are willing to grant an easement over their property for Jones's use. We do not find this argument to be persuasive. The portions of the record cited by Machado do not reflect the location of the easement that the Ryans are willing to grant Jones. Rather, the extremely limited evidence on this subject was Jones's testimony that he had granted the Ryans an easement across his property to use Shamrock Lane to access their home and that the Ryans had not granted him a reciprocal easement. Charles Ryan was later asked about the easement from Jones and he indicated his amenability to granting an easement to Jones.

Machado would have us hold Jones has no great present necessity based upon the premise that the Ryans may install a separate access road from Flat Creek Road through their parcel and subsequently grant Jones an easement extending the new road to his parcel. These *future* possibilities do not negate Jones' great *present* necessity.

9

126 Idaho 504, 507, 887 P.2d 49, 52 (Ct. App. 1994) and *Cordwell v. Smith,* 105 Idaho 71, 80, 665 P.2d 1081, 1090 (Ct. App. 1983)). Even though it will be expensive to construct an access from Flat Creek Road to the Ryans' home, the Ryans' use of Shamrock Lane is not necessary because Flat Creek Road crosses over and provides access to the Ryan parcel. Therefore, we affirm the district court's determination that Jones has an easement implied by necessity over the Clifton and Machado properties, but reverse as to the Ryans' claim.

**C. The Width of the Easement and the Snow Removal Area**

The district court determined that the proper width of the easement for ingress and egress is fourteen feet and that there is an additional fifteen-foot easement for snow removal on each side of the road. Machado argues that if an easement exists, the district court's finding regarding the width of the easement is not supported by substantial and competent evidence. The Ryans reply that there is sufficient historical evidence to support the width of the easement and that the residential character of the properties requires an easement for snow removal. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Once a court determines that an easement exists, it "must also set forth the width and location of the easement." *Argosy Trust v. Wininger,* 141 Idaho 570, 572, 114 P.3d 128, 130 (2005). In the case of a general grant of easement, such as one for ingress and egress, the easement should be construed "in connection with the intention of the parties and circumstances in existence at the time the easement was given and carried out." *Id.* (quoting *Quinn v. Stone,* 75 Idaho 243, 250, 270 P.2d 825, 830 (1954)). The easement "must impose no greater burden than is necessary." *Id.* (quoting *Conley v. Whittlesey,* 133 Idaho 265, 270, 985 P.2d 1127, 1132 (1999)). "The width of an easement is a question of fact which will not be disturbed on appeal if it is supported by substantial and competent evidence." *Turner v. Cold Springs Canyon Ltd. P'ship.*, 143 Idaho 227, 229, 141 P.3d 1096, 1098 (2006) (citing *Argosy Trust,* 141 Idaho at 572, 114 P.3d at 130).

Here, Jones testified that in 1972 Shamrock Lane was twelve to fourteen feet wide. Clifton testified that he built Shamrock Lane and that when the road was first established it was six to eight feet wide. However, Clifton also testified that he did not know when Shamrock Lane was built. This Court "give[s] due regard to the district court's appraisal of the credibility of witnesses who personally appear before the court." *Backman*, 147 Idaho at 394, 210 P.3d at 79 (citing *Hughes v. Fisher,* 142 Idaho 474, 479-80, 129 P.3d 1223, 1228-29 (2006)). Thus, there is

10

substantial and competent, though conflicting, evidence to support the district court's finding that the easement is fourteen feet wide. We affirm the district court's finding that the easement for the benefit of the Jones property is fourteen feet wide.

Regarding the secondary easement for snow removal, the Ryans contend that the area gets heavy snowfall in the winter, and that to maintain the access, the snow must be pushed fifteen to twenty feet off each side of the road. Machado argues that a fifteen-foot secondary easement enlarges the burden on the Machado and Clifton properties and is therefore not permitted. Machado also argues that the parties never intended the existence of a snow-removal zone because, at the time the road was created, the road was rarely used in the winter.

This Court has recognized "the existence of secondary easements, which convey the right to repair and maintain the primary easement so long as such activity is reasonable." *Caldwell v. Cometto*, 151 Idaho 34, 38, 253 P.3d 708, 712 (2011) (citing *Drew v. Sorensen,* 133 Idaho 534, 538, 989 P.2d 276, 280 (1999)). However, secondary easements cannot enlarge the burden on the servient estate. *Conley,* 133 Idaho at 271, 985 P.2d at 1133. Further, because the determination of width and length must be based upon the "circumstances in existence at the time the easement was given," it follows that the width of a secondary easement must also be determined on that basis.

In this case, the district court did not provide the basis of its finding, but merely stated that because of "the heavy snowfall in the area, a snow removal easement of fifteen (15) feet in width is needed on either side of Shamrock Lane." The court made no specific findings of fact to support its determination of the width of the secondary easement. While it is true that snow removal may be a part of reasonable maintenance on a residential access road, the district court must determine the width based upon the circumstances at the time the easement was created, taking into account the burden on Machado's property. Therefore, the district court's judgment regarding the width of the secondary easement is vacated, and the matter remanded for further proceedings consistent with this opinion to determine the width of any secondary easement that may be established by the evidence.

**D. Easement Implied by Prior Use and Easement by Prescription**

The Ryans argue that the district court erred by failing to rule on the claims of easement implied by prior use and easement by prescription. Because we reverse the district court's findings of express and implied easements for access to the Ryan property, we remand these

11

issues for consideration by the district court. There is one issue regarding the Ryans' claim of prescriptive easement that will likely arise on remand, and we therefore take this opportunity to address the duration of use that the Ryans must prove.

"In order to establish an easement by prescription, a claimant must prove by clear and convincing evidence use of the subject property that is (1) open and notorious, (2) continuous and uninterrupted, (3) adverse and under a claim of right, (4) with the actual or imputed knowledge of the owner of the servient tenement (5) for the statutory period. . . ." *Hughes v. Fisher,* 142 Idaho 474, 480, 129 P.3d 1223, 1229 (2006). The statutory period is defined by I.C. § 5-203. *Id.*

In 2006, the Idaho Legislature amended I.C. § 5-203, extending the statutory period from five years to twenty years. 2006 Idaho Sess. Laws ch. 158, § 1, p. 474. In *Capstar III*, this Court addressed the effect of this amendment on claims of prescriptive easements arising before the effective date of the amendment. We held that "the twenty year time period does not apply to an easement by prescription acquired prior to the amendment." 2012 WL 1918406 at *7 n.2. Thus, on remand, the district court will be required to consider whether the Ryans proved the elements of an easement by prescription for a five year period prior to July 1, 2006.

### E. Attorney Fees

Both parties seek attorney fees on appeal pursuant to I.C. § 12-121. However, only the prevailing party is entitled to attorney fees on appeal. I.C. § 12-121; I.R.C.P. 54(e)(1). "Where both parties prevail in part on appeal, this Court may deny fees." *Caldwell*, 151 Idaho at 41, 253 P.3d at 715 (citing *Boll v. State Farm Mut. Auto. Ins. Co.,* 140 Idaho 334, 344–45, 92 P.3d 1081, 1091–92 (2004)); *Benz v. D.L. Evans Bank*, 152 Idaho 215, ___, 268 P.3d 1167, 1184 (2012). Here, Machado has prevailed in part on appeal and the Ryans have prevailed on cross-appeal. Therefore, we decline to award attorney fees on appeal.

### IV. CONCLUSION

We reverse the district court's decision finding an express easement over the Machado and Clifton properties. We also reverse its decision finding an easement implied by necessity over the Machado and Clifton properties for the benefit of the Ryan property. However, we affirm the decision finding an easement implied by necessity for the benefit of the Jones property. We vacate the judgment of the district court and remand for further proceedings consistent with this opinion to determine whether a secondary easement for snow removal exists,

and if so, its width. On remand, the district court shall also determine whether an implied easement by either prior use or prescription exists for the benefit of the Ryan property. Because each party has prevailed in part, neither is entitled to attorney fees or costs on appeal.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.