**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 39788**

| | |
|---|---|
| JOHN M. HOCH and CAROLE D. HOCH, husband and wife, ) | |
| ) | |
| Plaintiffs-Respondents, ) | |
| ) | |
| v. ) | |
| ) | Coeur d'Alene, September 2013 |
| ROB VANCE and BECKY VANCE, husband and wife, ) | |
| ) | 2013 Opinion No. 132 |
| Defendants-Appellants, ) | |
| ) | Filed: December 13, 2013 |
| and ) | |
| ) | Stephen W. Kenyon, Clerk |
| JAKE SWEET and AUDREY SWEET, husband and wife, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

District court grant of summary judgment, affirmed.

Clark & Feeney, LLP, Lewiston, for appellants. William J. Carr argued.

Creason, Moore, Dokken & Geidl, PLLC, for respondents. Samuel T. Creason argued.

_____

BURDICK, Chief Justice

Rob and Becky Vance appeal from the Nez Perce County district court's order granting partial summary judgment to John and Carole Hoch. Specifically, the Vances are appealing the district court's decision that the Hochs' warranty deed granted them an easement over the "upper road." Alternatively, the Vances argue that the district court erred in finding that the warranty deed was unambiguous. We affirm the district court's decision.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jack Cridlebaugh bought 90 acres of land at Waha in Nez Perce County, which he subdivided into several parcels. He sold 20 acres to Rob and Becky Vance on October 12, 2000, 40 acres to Jake and Audrey Sweet on October 10, 2001, and 20 acres to John and Carol Hoch on March 26, 2002. He retained ten acres for himself.

Cridlebaugh testified that when he bought the original 90 acres, there were two access easements to it from Stagecoach Road, an upper one and a lower one. The route of the upper road, at a minimum, goes from the ten acres Cridlebaugh retained across the Sweets' property and a corner of the Vances' property before reaching the Hochs' property where it intersects with the lower road. He testified that he had both roads bladed to make them passable by a pickup in 1997 or 1998.

Cridlebaugh conveyed his interests to the Vances, the Sweets, and the Hochs by warranty deeds. Each of the warranty deeds contained a number of provisions concerning easements. The Vances' deed contained the following easement provisions relevant to this case:

> TOGETHER WITH all easements for ingress and egress running from the public right-of-way to the above described real property which are appurtenances to said real property.

> RESERVING UNTO THE GRANTOR, his heirs and assigns, all easements for ingress and egress running from public right-of-way to the above described real property which are appurtenances to said real property, together with an easement over and across all roadways presently existing on the property herein conveyed.

The Sweets' deed contained the following easement provisions relevant to this case:

> TOGETHER WITH AND SUBJECT TO an easement for ingress and egress over and across existing roads located on the following described property: The East Half of the Northwest Quarter and Northwest Quarter of the Southwest Quarter of the Northeast Quarter all located in Section 22, Township 33 North, Range 4 West of the Boise Meridian, the Grantor reserving for himself, his heirs and assigns, said easements.

> RESERVING UNTO THE GRANTOR, his heirs and assigns, all easements for ingress and egress running from public right-of-way to the above described real property which are appurtenances to said real property, together with an easement over and across all roadways presently existing on the property herein conveyed.

The parties agree that the language of this first provision of the Sweet Deed created an easement over the upper road. The reservation language of the second easement provision of the Sweet Deed is the same as the reservation language in the Vance Deed. Cridlebaugh testified that he reserved an easement over the upper road in the Sweet Deed so that he could access the property

2

he eventually sold to the Hochs from the ten acres he retained. At oral argument, the parties agreed that that was what he had done.

The Hochs' deed contained a number of provisions regarding easements, two of which are relevant to this case:

> 5) Easement for the purpose of ingress and egress and rights incidental thereto as set forth in a document recorded October 16, 2000 as Instrument No. 657867 [Vance Deed], records of Nez Perce County, Idaho.

> 6) Easement for the purpose of ingress and egress and rights incidental thereto as reserved in a Warranty Deed recorded October 10, 2001 as Instrument No. 668025 [Sweet Deed], records of Nez Perce County, Idaho.

Sometime in 2004, the Hochs began building a house on their property. With the consent of the Vances and the Sweets, they used the upper road to facilitate the construction logistics. In November 2007, the Vances notified the Hochs that "access to your home across our road and property will terminate as soon as your road is completed, and under no circumstances later than June 30, 2008." Since then, the Vances have obstructed access to the Hochs' home by way of the upper road, leading the Hochs to file a complaint alleging that the Sweets and the Vances wrongfully obstructed access to their easement over the upper road.

On October 21, 2009, the Hochs filed a summary judgment motion that was heard by District Judge John Bradbury, who retired before the case's conclusion. Judge Bradbury granted this motion for summary judgment in part, finding that the language in the relevant deeds contained unambiguous language granting an appurtenant easement on the upper road. Specifically, the district court found that Cridlebaugh reserved to himself an access easement over the upper road, which he then granted to the Hochs in their deed.

This is the decision that the Vances are now appealing. The Memorandum Decision granting partial summary judgment did not address the precise route or scope of the Hochs' easement. That issue was left to be decided at a bench trial before District Judge Jeff Brudie. At trial, the district court concluded that the upper road includes the section of Buckboard Lane that crosses the Vances' property.

A final judgment was entered on July 9, 2012. The judgment stated that the Hochs held an easement by way of warranty deed from Cridlebaugh for ingress and egress over the upper road. The Vances filed a timely notice of appeal.

3

## II. STANDARD OF REVIEW

In reviewing grants of summary judgment, this Court uses the same standard as the district court. *Marek v. Lawrence*, 153 Idaho 50, 53, 278 P.3d 920, 923 (2012). Summary judgment is appropriate when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court exercises free review in determining whether a genuine issue of material fact exists and whether the prevailing party was entitled to judgment as a matter of law. *Ida-Therm, LLC v. Bedrock Geothermal, LLC*, 154 Idaho 6, 8, 293 P.3d 630, 632 (2012). Whether a deed is ambiguous is a question of law, over which this Court exercises free review. *Id.*

## III. ANALYSIS

The Vances argue that the district court misconstrued the warranty deeds and easements Cridlebaugh conveyed to the Vances, the Sweets, and the Hochs when it held that the Hochs possessed an easement over the upper road. The Hochs argue that the district court correctly found that the language in the deeds clearly transferred Cridlebaugh's reserved easement over the upper road to the Hochs. Neither party disputes that Cridlebaugh reserved an express easement over and across the upper road. Therefore, the remaining question for this Court is whether Cridlebaugh conveyed that interest to the Hochs through their deed. In making that determination, we first consider whether the language of the Hoch Deed conveying the easements at issue is ambiguous as to what interests transferred to the Hochs.

### A. The Hochs' warranty deed was unambiguous.

The Vances argue that the district court erred in finding that the Hoch Deed was unambiguous because the deed is susceptible to multiple interpretations given the use of the term "roadways" in the Vance and Sweet Deeds and the use of the singular form of "easement" in the Hoch Deed.

"When this Court interprets or construes a deed, 'the primary goal is to seek and give effect to the real intention of the parties.'" *Machado v. Ryan*, 153 Idaho 212, 218, 280 P.3d 715, 721 (2012) (quoting *Porter v. Bassett*, 146 Idaho 399, 404, 195 P.3d 1212, 1217 (2008)). If the language of a deed is ambiguous, determining the parties' intent is a question of fact and may only be settled by a trier of fact. *Id.* at 217–218, 280 P.3d at 720–721. However, when the

4

language of a deed is unambiguous, the intention of the parties is a matter of law ascertained from the deed's plain language without the aid of extrinsic evidence. *Id.* at 218, 280 P.3d at 721.

"Ambiguity may be found where the language of the deed is subject to conflicting interpretations." *Marek*, 153 Idaho at 53, 278 P.3d at 924 (quoting *Porter*, 146 Idaho at 404, 195 P.3d at 1217). "However, ambiguity is not present merely because the parties present differing interpretations to the court." *Jasso v. Camas Cnty.*, 151 Idaho 790, 798, 264 P.3d 897, 905 (2011). To determine whether a deed is ambiguous, it must be reviewed as a whole. *Neider v. Shaw*, 138 Idaho 503, 508, 65 P.3d 525, 530 (2003).

The Hoch Deed indicates that Cridlebaugh granted and conveyed to the Hochs "all of his interest" in the described premises "subject to and together with the rights and responsibilities set forth in following easements:"

> 5) Easement for the purpose of ingress and egress and rights incidental thereto as set forth in [the Vance Deed].

> 6) Easement for purpose of ingress and egress and rights incidental thereto as reserved in [the Sweet Deed].

The parties do not dispute that Cridlebaugh reserved to himself an easement over the upper road so that Cridlebaugh could access the Hoch parcel. While the Sweet Deed has two easement reservation provisions, the Sweet Deed includes the same reservation as the Vance Deed. The Hoch Deed conveyed to Hoch whatever access Cridlebaugh had reserved to himself in the Vance and Sweet Deeds. Since there is no dispute that Cridlebaugh reserved an easement over the upper road, there is no ambiguity in the Hoch Deed.

Because the parties do not dispute the finding of fact that they all agreed that Cridlebaugh reserved an easement over the upper road to access the Hoch property, what is meant by "existing road" or "existing roadway" does not create an ambiguity as to the existence of an easement as the Vances argue. Nor does the use of the word easement in the singular create an ambiguity. The singular form of "easement" is a description of a right and not of the property, and thus, can refer to multiple previously reserved rights conveyed to the Hochs as one easement. We affirm the district court's finding that the deeds are unambiguous and that Cridlebaugh granted his easement rights over the upper road to the Hochs through their deed.

## B. The easement Cridlebaugh reserved was an appurtenant easement.

The Vances argue that the district court erred in finding that the easement Cridlebaugh reserved was an appurtenant easement because it does not benefit the dominant estate. There are

two general types of easements: easements appurtenant and easements in gross. *Hodgins v. Sales*, 139 Idaho 225, 230, 76 P.3d 969, 974 (2003). This Court has explained the difference between these two types of easements as follows:

> An easement appurtenant is a right to use a certain parcel, the servient estate, for the benefit of another parcel, the dominant estate. Essentially, an easement appurtenant serves the owner of the dominant estate in a way that cannot be separated from his rights in the land. When an appurtenant easement is created, it becomes fixed as an appurtenance to the real property, which is subject to the prescriptive use and may be claimed by a successor in interest. In contrast, an easement in gross benefits the holder of the easement personally, without connection to the ownership or use of a specific parcel of land. Thus, easements in gross do not attach to property. In cases of doubt, Idaho courts presume the easement is appurtenant.

*Id.* (internal citations omitted).

At the time Cridlebaugh reserved an easement over the upper road to the Hoch property, he was the owner of the Hoch property. The easement gave him access to his property. Thus, the easement's benefit to Cridlebaugh was directly connected to his ownership or use of what is now the Hoch property. The district court did not err in holding that this easement was an appurtenant easement.

## IV. CONCLUSION

We affirm the district court's finding that the Hoch, Vance, and Sweet Deeds are unambiguous and that the easement conveyed in the Hoch Deed was an appurtenant easement.

Justices EISMANN, J. JONES, W. JONES and HOSACK, J., Pro Tem, **CONCUR.**

6